## St. Louis & S. F. Ry. Co. *v.* Kirk.*

### (Division A.    Oct. 6, 1924.)

[101 So. 377.    No. 24224.]

1. REMOVAL OF CAUSES. *Action for injuries to railroad employee, based on federal Safety Appliance Act, not removable.*

   Action against railroad for injuries from railroad's noncompliance with Safety Appliance Act, section 2 (U. S. Comp. St., section 8606), *held* not removable, notwithstanding diversity of citizenship, in view of federal Employers' Liability Act, as amended April 5, 1910 (U. S. Comp. St., section 8662), since such action was one under Employers' Liability Act in view of sections 2-4, of Liability Act (U. S. Comp. St., sections 8658-8660).

2. REMOVAL OF CAUSES. *State court may rescind order removing cause which was not removable.*

   State court's order removing to federal court cause, which was not removable, may be rescinded.

3. REMOVAL OF CAUSES. *Order of removal of cause, not removable, is void.*

   An order of removal of cause, not removable, is void.

4. MASTER AND SERVANT. *Whether injury was caused by coupler not complying with federal act, held for jury.*

   In action against railroad for injuries to employee under federal Employers' Liability Act, question whether injury was caused by coupler that did not couple automatically by impact as required by Safety Appliance Act, section 2 (U. S. Comp. St., section 8606), *held* for injury.

---

*Headnotes 1. Removal of Causes, 34 Cyc, p. 1225 (1926 Anno); 2. Removal of Causes, 34 Cyc, p. 1302 (1926 Anno); 3. Removal of Causes, 34 Cyc, p. 1302 (1926 Anno); 4. Master and Servant, 26 Cyc, p. 1151.

APPEAL from circuit court of Lee county.

HON. C. P. LONG, Judge.

Suit by John R. Kirk against the St. Louis & San Francisco Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

*D. W. Houston, Sr. & Jr.* and *J. W. Canada,* for appellant.

I.  The court erred in overruling the petition of defendant for the removal of the cause to the federal court.  The action of the court, presents two propositions.  First, was this case removable? and, second, even though it was not a removable case—after the state court had made its order of removal and jurisdiction of the federal court had attached, the state court did not have a right to rescind its said order of removal and again assume jurisdiction over said case which it had released to the federal court, for all power and jurisdiction over said case by the state court had ceased and the federal court alone had a right to act on a motion to remand, if it was not originally a removable case.

(A)  The case was properly removable.  Plaintiff's counsel contend that section 6 of the federal Employers' Liability Act as amended April 5, 1910 (Appdx. F., Roberts Fed. Liab. Car. (1918), vol. 2, pp. 1591-2), prevents a removal of this case.  We respectfully deny this, for, as alleged in our petition for removal, "this suit or cause of action is based solely and wholly upon alleged violation of the federal Safety Appliance Act, and is, therefore, not affected by the federal Employers' Liability Act prohibiting the removal of causes, and said case is removable to the United States district court.

The gist and gravamen—the heart and soul—the very foundation, of this suit, is a violation of the federal Safety Appliance Act by the defendant in having a defective coupler on the car in question, and that there is no allegation whatever of any negligence on the part of the defendant, but a mere statement of defective condition of the coupler, and our contention is that, in the absence of an allegation of negligence, and in view of the specific phraseology of the declaration expressly referring to this being a violation of the Safety Appliance Act, that this

136 Miss.—39.

suit is based merely and only and entirely and wholly up-
on said Safety Appliance Act, and is, therefore, not af-
fected by the federal Employers' Liability Act, prohibit-
ing the removal of causes arising thereunder. *See Van
Brimmer* v. *T. & P. Ry. Co.,* 190 Fed. 394 (Tex. Dist. Ct.);
*Bedell* v. *B. & O. R. R.,* 245 Fed. 788 (Ohio Dist. Ct.);
*Flass* v. *L. C. R. R. Co.,* 229 Fed. 391; 2 Roberts Fed.
Liab. Carriers (1918), appdx. 9, p. 1594.

(B) The court erred after entering the order of
removal to the federal court, in afterwards entering
another and different order attempting to rescind its
prior order. We contend that, after the court made and
entered the order of removal, it lost and was without
jurisdiction to hear and determine the issues involved in
this suit, and that by the giving of said order, jurisdiction
*eo instanti* had been granted and conferred upon the
United States district court; that the jurisdiction of said
state court had ceased entirely, and that it had no au-
thority to proceed with the trial of the case, and that any
verdict and judgment rendered therein was null and void.
"Where an application for the removal of a case from a
state circuit court to a United States circuit court has
been granted by the former, it is then the province of the
latter to determine whether such removal is proper under
the statutes of the United States. If the federal court
should take jurisdiction of such case, it must be con-
ducted in that court and be there determined, unaffected
by any steps that may be taken in any of the state courts,
but if the federal court should refuse to take cognizance
of the case, it must after such refusal, be proceeded with
in the state court as a pending case." *Jackson* v. *Rail-
road Co.,* 58 Miss. 648. Upon the filing of the petition
and bond required by the statute, the suit being remova-
ble, the jurisdiction of the state court absolutely ceases
and that of the federal court immediately attached, in ad-
vance of the filing in the latter of the transcript from
the former. All orders thereafter made in the state court

are *coram non judice,* unless its jurisdiction is, in some form actually restored. A failure even to file the transcript within the time prescribed by statute does not have the effect to restore the jurisdiction of the state court. *Nat'l Stmshp. Co.* v. *Tugman,* 106 U. S. 118-123, 27 L. Ed. 87.

II. The court erred in refusing to sustain the motion of the defendant at the conclusion of plaintiff's testimony and to direct a verdict for the defendant, and at the conclusion of all of the evidence in refusing the peremptory instruction requested by defendant. All the cases that have been decided and all the authorities show that the burden of proof is upon the plaintiff, and the proof must be clear, that the cars would not couple automatically by impact. *Johnson* v. *So. Pac.,* 196 U. S. 1, 18 and 19; 49 L. Ed. 363; *A. C. R. R.* v. *Parker,* 242 U. S. 56-59, 61 L. Ed. 150-1-2; *L. & N. R. R.* v. *Layton,* 243 U. S. 617, 61 L. Ed. 931-2-2; *M. & St. L.* v. *Gotschall,* 244 U. S. 66, 61 L. Ed. 995-6; *San Antonio Ry.* v. *Wagner,* 241 U. S. 476, 60 L. Ed. 1111-1117; *C. B. & I. R. Co.* v. *U. S.,* 220 U. S. 559, 55 L. Ed. 582-586; *Delk* v. *St. L. S. F. R. R. Co.,* 220 U. S. 580, 55 L. Ed. 590 and 594-5; *A. & V. Ry. Co.* v. *Dennis,* 91 So. (Miss.) 4 and 5.

It will be noted by the court that the testimony by and for the plaintiff in this case fails to come up to such proof as is required in cases of this kind where liability is fixed on defendant railroads; and that the sole cause of the plaintiff's injury was that he voluntarily and without any necessity went in between the ends of the cars, and thus unnecessarily exposed himself to an imminent and known danger, without waiting to see whether or not the cars would couple automatically by impact, as the undisputed proof in the record shows that these cars had done just before this accident and also did at the very time of and just after the accident.

While we recognize that when there is a real substantial

conflict in the testimony that ordinarily it is a question for the jury, still when the court considers all of the above testimony, in connection with the fact that two car inspectors swear that immediately after this accident inspections were made of these couplers, etc., and they were found to be in good condition, and actually coupled without any repairs being made thereon, immediately after this accident, and the further fact that it is admitted by all, including the plaintiff himself, that couplings were made immediately preceding the accident, and that the coupling was actually made at the very moment of the accident, we submit that the court is warranted with this and the other testimony in the case, and that it is its duty, to conclude and decide that under such circumstances, the plaintiff has failed to prove his case, and that the overwhelming weight of the testimony is in favor of the defendant, and that the verdict of the jury is manifestly wrong, and that the peremptory instruction requested by the defendant should have been given and that the case should be reversed. See *M. & O. R. R.* v. *Bennett,* 127 Miss. 413-415, 90 So. 113, and cases cited therein, especially *Fore* v. *A. & V. Ry. Co.,* 87 Miss. 211. See, also, *So. Ry. Co.* v. *Elder,* 80 So. 333-4.

*Geo. T. & Chas. S. Mitchell,* for appellee.

I. Did the court err in overruling petition of defendant for the removal of the case to the federal court? It is our contention that the case was not removable from any view point. This court understands, of course, that where a railroad at the time of an injury to an employee, is engaged in interstate commerce and the injured employee is employed by it in interstate commerce, the federal Employers' Liability Act is exclusive and the employee has no choice but is compelled to bring his action under the federal Act. Surely it is not necessary to cite authority in support of this proposition, but we

merely call the court's attention to section 421, Robert's Federal Liabilities of Carriers. Since therefore it is admitted by counsel for appellant that defendant was engaged in interstate commerce at the time of the alleged injury, and plaintiff was employed by it in such commerce at said time, we submit that whatever remedy he had against the carrier was under the federal Employers' Liability Act, and this act furnished him his exclusive right. Being required, therefore, to bring his cause of action under the federal Employers' Liability Act, we respectfully submit that the case was not removable for any reason, because the act distinctly so says. 8 U. S. Compiled Statutes, 1916, sec. 8662, p. 9432. See, also, *Kansas City Southern* v. *Leslie,* 238 U. S. 579, 50 L. Ed. 1478; *So. Ry. Co.* v. *Lloyd,* 239 U. S. 496, 60 L. Ed. 403; *Great Northern Ry. Co.* v. *Alexander,* 246 U. S. 276, 62 L. Ed. 713.

While it is true that we did not specifically mention the federal act in the declaration, yet we did specifically set out in our declaration all the averments necessary to give us a right to sue under said act. None of the authorities hold that it is necessary to charge in your declaration that you are bringing the suit under the federal act, when the declaration contains all the necessary elements. To use a common illustration, after drawing the picture of a horse, it is unnecessary to write under the picture, "this is a horse."

The fact that we allege a violation of the Safety Appliance Act as a ground of recovery cannot convert an absolute non-removable case into a removable one any more than if we had brought our suit under the federal Act and alleged as a ground of recovery a violation of the Hours of Service Act, or any other act of negligence. It is true that the federal Employers' Liability Act deals with negligence, but a violation of the Safety Appliance Act is fixed by federal statute as being negligence *per se*. No negligence need be charged or proven.

We, therefore, respectfully submit that in the light of all these decisions, the case having been brought under the federal Employers' Liability Act was not removable to the federal court and the action of the court in overruling the petition for removal was correct.

II.   The next proposition urged by counsel for appellant is that, As THE COURT GRANTED AN ORDER THE FIRST DAY OF THE COURT TERM TO REMOVE THE CASE TO THE FEDERAL COURT, THIS OF ITSELF, EO INSTANTI DIVESTED THE STATE COURT OF JURISDICTION AND INVESTED THE FEDERAL COURT WITH ENTIRE JURISDICTION, AND THAT THEREAFTER THE QUESTION TO REMAND WAS LEFT ENTIRELY WITH THE FEDERAL COURT.   The record shows that after the granting of the order in question and before it was entered upon the minutes and signed by the judge, the judge announced that he would take the matter, together with another under advisement, and render his decision later.   The next day he renounced his previous ruling and entered an order overruling the petition to remove.   Certainly the court has control over his orders during the same term at which the order is granted, and especially before the order had been entered upon the minutes and signed.   If the case is a removable one, then a compliance with the federal statute by filing a petition and bond of itself serves to divest the state court of jurisdiction, but where the case is a non-removable one, the filing of the petition and bond does not serve to divest the state court of jurisdiction.   "An order of removal in a non-removable case may properly be rescinded."   23 R. C. L., sec. 161, p. 779.  "Where the question of jurisdiction is one of law, a court cannot by an erroneous decision acquire jurisdiction which it has not, or divest itself of jurisdiction which it has."   15 C. J. Courts, sec. 173, p. 852; *People* v. *Dunn,* 93 N. E. 305, and other authorities there cited.   "An order for removal of a case not embraced by the Act of Congress is void and has no legal effect in contemplation

of law and it is competent for the state supreme court to pass upon the question of its validity." *Insurance Co.* v. *Francis,* 52 Miss. 466. "During the term of a court, all the proceedings thereof are in the breast of the court and under its control and liable to be stricken out, altered or amended without notice to the parties. 15 C. J. Courts, sec. 106, p. 810.

III.   The remaining question discussed by counsel for appellant is that the court below erred in refusing to grant a peremptory instruction to the jury to find for the defendant. The questions involved in this case were peculiarly questions of fact for the jury to determine. The testimony at least tended to show, and we insist that it did show absolutely, that the coupler on the Illinois Central car was defective in that the lift lever failed to open the knuckle on that car. Plaintiff testified that he had been in the railroad service for many years, was an experienced railroad man and was perfectly familiar with the different couplings and their different workings; in fact he qualified as an expert in this regard. He testified that he undertook to open the knuckle on the Illinois Central car with the lift lever and that it failed to open. He, also, testified positively that the couplers on the two cars were out of line and that it would have been impossible for them under such a condition to have coupled by impact. It, therefore, became necessary for him to go between the cars, in order that he might open the knuckle on the Illinois Central car with his hand. He gave the engineer the "slow down" signal and went between the cars for the purpose of opening the knuckle when his hand was caught between the couplers and crushed.

In addition to the positive testimony of plaintiff that the lift lever failed to open the knuckle, we have the positive testimony of Jim Mayfield, a merchant at Amory, and S. A. Grady, mayor of the city of Amory, who appeared upon the scene immediately after the injury, who

tested the coupler on this Illinois Central car and who swore positively that the lift lever failed to properly work and open the knuckle on that car. It, therefore, seems idle to argue the proposition of a peremptory instruction in the face of facts like these. There can be no good reason for holding that the impact is necessary when it is agreed on all sides that it would not bring about a coupling of the cars. The case of *R. R. Co.* v. *Brown*, 229 U. S. 317, 57 L. Ed. 1204, is especially in point and practically on "all fours" with the case at bar.

ANDERSON, J., delivered the opinion of the court.

The appellee, John R. Kirk, sued appellant, St. Louis & San Francisco Railway Company, in the circuit court of Lee county, for damages for a personal injury received by him, through the alleged fault of appellant, while said Kirk was engaged as an employee of appellant in the capacity of switchman in its yards at Amory, and recovered a judgment of five thousand dollars, from which appellant prosecutes this appeal.

The ground upon which appellee based his right to recover was that he received the injury complained of because of a violation by appellant of section 2 of the federal Safety Appliance Act (27 Stat. 531, 8 U. S. Comp. St. 1916, section 8606, p. 9325), in that the cars in use by appellant which appellee was attempting to couple when injured were not "equipped with couplers coupling automatically by impact," as required by said statute.

Appellant duly presented a proper petition and bond to remove the case into the proper federal district court of this state, on the ground of diversity of citizenship. The trial court, after hearing argument on the application to remove, first announced that an order would be made granting the removal, but before the formal entry of the order of removal, and during the same day the application to remove was heard, the court announced

that the order of removal would not be then entered, but would be delayed to a subsequent day of the term, to enable the court to further consider the matter.  On a subsequent day, during the same term, the court reversed itself, and overruled the application to remove.

The three main questions presented in the argument are:  (1)   Whether or not the court below erred in refusing to grant an order of removal.   (2)   Conceding that the case was not removable, whether or not the court after having made an order of removal could, even at the same term, reverse itself and overrule the application to remove.   (3.)   Whether or not the evidence for appellee was sufficient to go to the jury on the question of appellant's liability for the injury complained of.  We will consider the questions in the order stated.

Beyond controversy, at the time of appellee's injury, appellant was engaged in interstate commerce while appellee was employed in the same character of commerce; the jurisdictional amount was involved, and there was diversity of citizenship.  Appellee concedes that the case would be removable to the federal court except for the amendment of April 5, 1910, to the federal Employers' Liability Act (U. S. Comp. St., section 8662), which provides in substance that the jurisdiction of the courts of the United States under that act shall be concurrent with that of the courts of the several states, and that no cause arising under the act brought in a state court having jurisdiction shall be removed into any court of the United States.  Appellant contends that that amendment has no application, because this is a case brought under the federal Safety Appliance Act (U. S. Comp. St., section 8605 et seq.), and not under the federal Employers' Liability Act (U. S. Comp. St., sections 8657-8665).

Appellee in his declaration, after setting out the diversity of citizenship between the parties, stated the ground upon which he sought to recover, in the following language:

''That at the time of the wrongs and injuries herein-after complained of, plaintiff was an employee of said defendant, and as such was employed by said common carrier by rail in interstate commerce. That on January 31, 1923, said plaintiff was employed by said defendant as a yard switchman, in its yards at Amory, in Monroe county, Miss., and it then and there became and was the duty of said plaintiff to couple and uncouple cars, and otherwise assist in making up the freight trains of said defendant company for their interstate journeys.

That on said 31st day of January, 1923, while the said plaintiff was employed as switchman aforesaid, it then and there became and was the duty of said defendant company to furnish the said plaintiff with cars properly equipped with automatic couplers, as is required by an act of Congress, known as the federal Safety Appliance Act; yet the said defendant, not regarding its duty in this behalf, permitted said switchman to work on a train of cars, a part of which were not properly equipped with automatic couplers in accordance with said act, but on the other hand two of said cars, which were then and there being used for interstate shipments, to-wit, Pennsylvania car No. 858172, and Illinois Central car No. 22877, were defectively equipped with couplers, in this, that the couplers on said cars were not equalized or were out of line or not properly adjusted, that by reason of said defect in said couplers, it then and there became necessary for said plaintiff to go between said cars for the purpose of coupling same, and while he was between said cars, making an effort to equalize said couplers in order that they would couple, his hand was caught therein and was so bruised, wounded, and mangled that it became necessary to amputate practically the entire hand.''

Every averment necessary to bring the cause under the federal Employers' Liability Act is contained in the declaration. Nevertheless the ground of negligence relied on by appellee consisted as averred in the declaration

of a violation of the federal Safety Appliance Act by appellant in that the cars used by it causing the injury, were not equipped with couplers that would couple by impact automatically. For that reason appellant contends that the amendment of April 5, 1910, to the federal Employers' Liability Act has no application to this cause; while appellee contends that by the very terms of the Employers' Liability Act a violation by the carrier of section 2 of the federal Safety Appliance Act in using cars not equipped with couplers coupling automatically by impact is made a ground of recovery under said former act.

The concluding clause of section 2 of the federal Employers' Liability Act, 35 Stat. 66 (8 U. S. Comp. St. 1916, section 8658, p. 9422), is in this language:

"Or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment."

Section 3 of said federal Employers' Liability Act (35 Stat. 66, 8 U. S. Comp. St. 1916, section 8659, p. 9423), contains this *proviso*:

"Provided, that no such employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee."

Section 4 of said federal Employers' Liability Act (36 Stat. 66, 8 U. S. Comp. St. 1916, section 8660, pp. 9427, 9428), is in this language:

"In any action brought against any common carrier under or by virtue of any of the provisions of this act to recover damages for injuries to, or the death of, any of its employees, such employee shall not be held to have assumed the risks of his employment in any case where the violation by such common carrier of any statute, enacted for the safety of employees contributed to the injury or death of such employee."

It appears that the purpose of Congress by the above provisions of the federal Employers' Liability Act was to integrate into and make a part of said act the several sections of the Safety Appliance Act providing for the safety of employees. The federal Employers' Liability Act, as section 2 thereof clearly shows, recognizes that rights of action may arise out of a violation of the Safety Appliance Act, for which suit may be brought under the former act. Roberts' Federal Liabilities of Carriers, section 529, p. 921. It seems that the case of *St. Joseph & Grand Island Railway Co.* v. *Moore,* 243 U. S. 311, 37 Sup. Ct. 278, 61 L. Ed. 741, settles this question in favor of appellee's contention. That was a suit under the federal Employers' Liability Act. It is true that the court in its opinion stated that "the applicability of the Employers' Liability Act to the case was admitted from the beginning." However, even though that admission had not been made, the facts of the case clearly showed it was governed by the Employers' Liability Act. It is true in that case as in this the ground of recovery relied on by the plaintiff was a violation by the defendant of the Safety Appliance Act. An application was made in that case to remove to the federal court, upon the ground of diversity of citizenship. The court held that removal could not be had because of the amendment to said act of April 5, 1910.

The trial court having erroneously made an order removing the case into the federal court, could it at the same term of the court reverse itself by making an order denying removal? Appellant's contention is that by the first order the court divested itself of jurisdiction to make any further order in the cause, and the federal court became invested with jurisdiction, and that thereafter the question of the rightfulness of the removal was entirely with the federal court. There seems little difficulty under the authorities in solving this question. An order removing a cause from a state court to a federal court,

which is not removable, may be rescinded.  The question of jurisdiction is one of law, and a court cannot by an erroneous decision divest itself of jurisdiction and confer jurisdiction on another court, which under the law has no jurisdiction.  An order of removal of a cause not embraced within the removal statute is void, and has no legal effect.  23 R. C. L., section 161, p. 779; 15 Corpus Juris, section 106, p. 810, section 173, p. 852, and notes.

Was the evidence sufficient to put the appellee's case to the jury on the proposition that his injury was caused by a coupler that would not couple automatically by impact?  Appellant says the evidence is insufficient, because it shows without conflict that appellee went between the cars and undertook to manipulate the drawhead in order to make the coupling, without first permitting the cars to come together for the purpose of making the coupling automatically by impact.  It seems that a complete answer to appellant's position is contained in the evidence of appellee, which the jury found to be true, and that is, he saw before going between the cars that the couplers were out of line, and he tried the lift lever and it would not open the knuckle, and it was apparent after going this far that the coupling had to be made otherwise than automatically by impact.  It was not necessary for appellee to make an experiment which he knew in advance was going to be a failure.  He simply testified that he knew from long experience by appearances in connection with his effort to open the knuckle of the coupler that the cars would not couple automatically by impact.  It is true appellant's evidence tends to show that before and after the injury these cars did couple automatically by impact, but the effect of that testimony was only to make an issue for the jury as to the truth of appellee's case as made by his own evidence.

We do not deem the other questions argued of sufficient importance to call for a discussion.

*Affirmed.*