### St. Louis & S. F. Ry. Co. *v.* Hays.*

(Division B.   Oct. 13, 1924.   Suggestion of Error Overruled Nov. 10, 1924.)

[101 So. 548.   No. 24223.]

1. Removal of Causes. *Suit by employee against carrier engaged in interstate commerce not removable for diversity of citizenship, although brought under federal Safety Appliance Act.*

  A suit by an employee of a common carrier, while both the carrier and the servant are engaged in interstate commerce, is not removable on the ground of diversity of citizenship, although the right of recovery is founded on a failure of the carrier to provide safe appliances under the federal Safety Appliance Act (U. S. Comp. St., section 8606).

2. Damages. *Twenty-five thousand dollars for injuries to railroad brakeman, requiring amputation of foot, held not excessive.*

  The facts of the case considered, and the verdict and judgment *held* not to be excessive.

——————

*Headnotes 1. Removal of Causes, 34 Cyc, p. 1225 (1926 Anno.); 2. Damages, 17 C. J., section 441.

Appeal from circuit court of Lee county.
Hon. C. P. Long, Judge.
Action by Vince A. Hays against St. Louis & San Francisco Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

*D. W. Houston, Sr. & Jr.,* for appellant.

The verdict for twenty-five thousand dollars is excessive and evinces passion and prejudice. The declaration does not claim that his earning capacity or health was

entirely destroyed, but that his earning capacity was greatly reduced, and his health is seriously impaired. He testifies, and it is undisputed, that he was rushed at once to a hospital in an ambulance, given hypodermics, that he was operated on May 2, 1923, and only stayed in the hospital until May 28th, and then went home.

The plaintiff did not introduce any physician at all to show his present or continuing suffering. The only expenses he proves are one hundred and fifty dollars for an artificial foot, and Dr. Eugene Johnson twenty-five dollars and nurse's bill for ten dollars for giving the ether, and medicine he bought trying to cure up the wound. The railroad surgeon, without cost to plaintiff, amputated his foot.

The doctor's statement is that the amputation was about ten inches below the knee. While the plaintiff tries to make it appear that he has no earning capacity and is unable to engage in any business, still this court knows that a man with only his foot amputated, where plaintiff's is shown to be amputated, is not totally disqualified or incapacitated from engaging in business and that a great many men only so disabled do so with great ease; and we call the court's attention to the fact that with the large amount of accident insurance which this plaintiff is shown to have received that he would be enabled to begin to engage in some business. In other words, as it appears to us from this record, it would only be necessary for him to secure him a cork foot and go along about his business, and to allow a twenty-five thousand dollar judgment to stand for such an injury as the plaintiff is shown to have suffered, would be but placing a premium on the loss of a foot.

This verdict was grossly excessive, and so much so as to evince passion and prejudice upon the part of the jury, which is exactly what the jury's verdict was based upon. Of course, if this is a suit under the federal Employers' Liability Act, as counsel contends, then no punitive dam-

ages can be recovered. 2 Roberts Fed. Liab. Car. (1918), sec. 621; *R. R.* v. *Cobb,* 94 Miss. 561-6, 48 So. 522; *Y. & M. V. R. R. Co.* v. *Cockerham,* 99 So. 16 (Miss.); *Dir. Gen'l* v. *Neely* (Miss.), 85 So. 197-8; *A. & V. Ry. Co.* v. *Dennis,* 91 So. (Miss.) 4; *Lowe* v. *Morgan* (La.), 90 So. 429.

The following are some verdicts for the loss of one leg which have been declared excessive: *Cotton Oil Co.* v. *Beacham,* 31 Okla. 384, 120 Pac. 969; *Galveston, etc.,* v. *Bernard,* 57 S. W. (Tex.) 686; *I. & G. N. R. R. Co.* v. *Brice,* 126 S. W. (Tex.) 613; *Kennon* v. *Gilmer,* 9 Mont. 109, 22 Pac. 448; *Aluminum Co.* v. *Ramsey,* 89 Ark. 532, 117 S. W. 568; *T. & N. O. R. R.* v. *Conway,* 44 Tex. Civ. App. 68, 98 S. W. 1070; *Newcomb* v. *N. Y.,* 182 Mo. 687, 81 S. W. 1069; *Melse* v. *Alaska, etc.,* 42 Wash. 356, 84 Pac. 1127; *Brady* v. *K. C. St. L. & C. R. Co.,* 206 Mo. 509, 102 S. W. 978, 105 S. W. 1195; *Ostertag* v. *Union Pac.,* 261 Mo. 457, 169 S. W. 1; *Wimber* v. *Iowa Central Ry.,* 114 Iowa, 551, 87 N. W. 505; *Budge* v. *Morgan, etc.,* 108 La. 349, 32 So. 535; *Wheeler* v. *Sioux City, etc.,* 162 Iowa, 414, 142 N. W. 400; *Bell* v. *Globe,* 107 La. 725, 31 So. 994; *Bell* v. *Houston, etc., R. R.,* 132 La. 88, 60 So. 1029; *Applegate* v. *Quincy R. R.,* 252 Mo. 173, 158 S. W. 376; *Morris* v. *R. R.,* 68 Hun. (N. Y.) 39, 5 Am. Neg. Cas. 542.

*Geo. T. & Chas. S. Mitchell* and *R. G. Draper,* for appellee.

I.  Counsel for appellant insist that the verdict is excessive and evinces passion and prejudice on the part of the jury, and in support of their position they cite numerous cases. An examination of most of these cases reveals the fact that the great majority of them were decided years ago when the purchasing value of a dollar was great. Some of them are more recent but in most of these the earning capacity of the party injured where death did not result, was very small and of course this

was taken into consideration in fixing the amount of the judgment; in others, where death did result, the dependents had reached a good old age, and this, of course, figured materially in fixing the amount of the judgment. It must be conceded that on this proposition a multiplicity of cases *pro* and *con,* can be produced, but at last the one controlling feature is the facts of the particular case, the injury sustained, the suffering endured and the absolute impairment of the earning capacity. *Y. & M. V. R. R. Co. v. Wallace,* 45 So. 857; *Hardy* v. *M. C. R. R. Co.* (Miss.), 41 So. 505; *Railroad Co.* v. *Williams,* 183 Ala. 138, 62 So. 679, Ann. Cas. 1915D 488.

II.    The purchasing power of a dollar now is at least fifty per cent less than in 1913. The fact that the undisputed testimony shows that plaintiff has not been able so far, and probably will not be able, to wear an artificial leg, forms a considerable element of damage in this case as has been announced in *Thompson* v. *Smith,* 253 S. W. 1023; *Lerette* v. *Davis,* 137 N. E. 811.

In *Roeder* v. *Erie R. R. Co.,* 164 N. Y. Supp. 167 (1917), plaintiff's arm was crushed off at the shoulder. His verdict was thirty-two thousand five hundred dollars. The New York court in affirming this judgment says: "No rule has been set by which such damages can be determined mathematically. The question involved is what would be the proper compensation for pain, the humiliation for maiming, the recognized disability of being crippled, and how far the injuries have retarded the victim's progress." See, also, *Fried* v. *N. Y., N. H. & H. R. R. Co.,* 170 N. Y. Sup. 687; *Curran* v. *Union Yards of Omaha,* 196 N. W. 135; *A. C. L. R. R. Co.* v. *Whitney,* 61 So. 179; *Ferris, Receiver* v. *Shandy,* 174 Pac. 1060; *Easterling Lumber Co.* v. *S. W. Pearce,* 106 Miss. 672; *A. & V. R. R. Co.* v. *Dennis,* 91 So. 4; *R. R. Co.* v. *Combs,* 250 S. W. 714, twenty-five thousand dollars for loss of leg; *R. R. Co.* v. *Carnahan,* 60 L. Ed. 979, 118 Va. 46; twenty-five thousand dollars—loss of leg—earning ca-

pacity one hundred dollars a month; *R. R. Co.* v. *Mc-Michael,* 171 S. W. 115 (1914), twenty-five thousand dollars—leg below knee for man earning seventy dollars a month; *R. R. Co.* v. *Harris,* 172 S. W. 1129, twenty thousand dollars—leg below knee, (1914) ; *Burch* v. *R. R. Co.,* Ann. Cas. 1912B. 1166 (Nev.), twenty thousand dollars loss of leg and toes for thirty-seven-year-old switchman earning one hundred dollars per month; *New* v. *Stout,* 227 Pac. 519 (Okla.), twenty thousand dollars, loss of leg and other injuries to fifteen year-old boy; *Yukonis* v. *R. R. Co.,* 213 Fed. 537, thirty-six thousand dollars loss of sight to fifty-two-year-old man earning nine hundred dollars annually; *Hudgins* v. *R. R. Co.,* 5 N. C. C. A. 766 (1913) (S. C.), forty thousand dollars personal injuries, earning one hundred and fifty dollars per month.

Argued orally by *D. W. Houston, Sr.,* for appellant and *Geo. T. Mitchell* and *R. C. Draper,* for appellee.

Etheridge, J., delivered the opinion of the court.

The appellee was plaintiff below, and sued the appellant for an injury received as an employee of the appellant engaged at the time of the injury in interstate commerce, the injury being occasioned by a defective stirrup or foothold on the car of the appellant. The injury occurred in the state of Arkansas, where the plaintiff was working for the defendant as a brakeman. He was riding on the top of a car while transferring some cars from a point on the appellant's line to another point on a connecting line of another railroad. During the journey the brakes stuck, and it was necessary for the plaintiff as brakeman to descend from the cars and inspect the trouble and remove the cause of it, which he did by "bleeding" the brakes, a process by which the brakes were loosened. The train was running at a slow rate of speed, and the plaintiff bled several of the brakes on defendant's cars, which caused the speed of the train to increase.

The plaintiff attempted to remount the train, and testifies
that the stirrup or fixture provided for the use of the
brakeman in so mounting the cars gave way and caused
him to fall and his foot to be crushed, necessitating am-
putation about ten inches below the knee.  The defendant
is a nonresident corporation of Mississippi, incorporated
under the laws of Missouri, and the plaintiff was a non-
resident of Mississippi, residing at the time of the acci-
dent in the state of Tennessee and in the city of Memphis.
When the cause came on to be heard before the circuit
court at the return term, a motion was made to transfer
the cause to the federal court of the Eastern division of
the Northern district of Mississippi on the ground of
nonresidence of the defendant.  Affidavit and bond were
tendered in court with the motion.  When the motion was
first presented the circuit judge verbally announced that
the motion would be sustained, but no order was entered
on the minutes to that effect.  Immediately afterwards
another case was presented in which a like motion was
made, and the attorney for the plaintiff in that case re-
quested the circuit judge to allow him until the following
morning to produce authorities on the question of re-
moval, which request the judge granted, stating at the
time that he would reserve all of these matters until the
following morning.  The next morning the judge, having
personally investigated the question and after hearing
the arguments, announced that the causes were not re-
movable under the law, and entered an order denying the
applications to remove; to which action exception was
duly taken.  When the cause came on to be tried, the de-
fendant again objected to proceeding in the state court
on the ground that the cause had been removed to the
federal court by verbal pronouncement of the circuit
judge when the motion was first presented to him.  The
cause proceeded to trial in the circuit court, and a verdict
was returned for the plaintiff in the sum of twenty-five
thousand dollars.

The testimony of the plaintiff shows that he was engaged in interstate commerce as an employee of the defendant, and that defendant was engaged in interstate commerce at the time of the injury, and that it was plaintiff's duty as a brakeman to come down off of the cars when the brakes stuck and release them by the process known as "bleeding;" that he bled several of the brakes, and that the speed of the train was picking up, traveling at eight or ten miles per hour, and, when the rear part of the train reached plaintiff, he undertook to mount, and the stirrup, a fixture attached to the sill of the car for the use of brakemen in remounting, gave away. This stirrup is one of the appliances required to be kept in safe condition in accordance with the Safety Appliance Act (27 Stat. 531 [U. S. Comp. St. section 8606]). The defendant insists that the cause was removable because the suit was based upon a defect in the safety appliances required by that act to be kept in good condition, and under the terms of that act the cause is removable to the federal court. The plaintiff insists that the suit is brought under the federal Employers' Liability Act (U. S. Comp. St. section 8657-8665), and it is mandatory that it be brought under that act in all cases where the employee injured was engaged at the time of the injury in interstate commerce.

This court passed upon this question in the case of *St. Louis & San Francisco Ry. Co.* v. *John R. Kirk*, 101 So. 377, 136 Miss. 608, decided October 6, 1924, in which Division A of this court, in an opinion by Judge Anderson, held that the cause was removable, and the verbal pronouncement by the judge of an order to remove it did not deprive the court of jurisdiction in cases where the cause was not removable under the law. The question in that case and in this case is precisely identical, and this cause is controlled by that opinion on this point.

It is insisted by the appellant that the verdict is excessive and that reversal should be had for this reason. The testimony shows that plaintiff was at the time of the

injury thirty-nine years old, in good health, and receiving
two hundred dollars per month salary as compensation
for his work. It shows that he suffered great pain from
the injury, and that he still suffers from the injury. He
was confined in a hospital for about thirty days and
incurred hospital expenses. A great many authorities
have been collected by the appellant and the appellee in
their briefs on this question, and we have reviewed the
authorities and have reached the conclusion that we are
not authorized under the evidence in this record to hold
the verdict excessive.

In *Mississippi Central R. Co.* v. *Hardy,* 88 Miss. 732,
753, 41 So. 505, at page 510, the court said:

"This court has no scale delicate enough to weigh
physical and mental anguish. At best it is an extremely
difficult task. The law has committed this delicate task
to the unbiased judgment of the twelve plain, practical,
everyday men who compose the jury, and it can nowhere
be more safely rested than in the application of  . . .
the particular facts proven in each particular case. We
cannot say on the facts in this case that their finding is
not warranted."

In the case before us the plaintiff had been engaged in
the railroad business for many years, and it would be
somewhat of an experiment as to what he could do in any
other line of business. His earning power is largely de-
stroyed and he suffered considerably from the injury.
Twenty-five thousand dollars at six per cent. interest
would only yield an annual income of one thousand five
hundred dollars. To earn in some other business enough
to make up the amount of salary he was receiving would
require the earning of at least seventy-five dollars a
month. When we consider these facts in connection with
all the circumstances of the case, we are unable to say
that the verdict is excessive in the legal sense of that
term.

The other assignments of error are without merit.

*Affirmed.*