**Esteban SOMOANO, Plaintiff,**

v.

**RYDER SYSTEMS, INC., etc., and OAO International Corporation, etc., Defendants.**

No. 97–3303–CIV.

United States District Court, S.D. Florida.

Feb. 4, 1998.

Keith H. Stolzenberg, Miami, FL, for Plaintiffs.

Michael S. Olin, Miami, FL, for Ryder Systems, Inc.

Michael S. Tarre, Coral Gables, FL, Peter J. Kahn, Williams & Connolly, Washington, DC, for OAO Intern. Corp.

## *AMENDED MEMORANDUM OPINION*[1]

MORENO, District Judge.

This Court previously issued an order remanding this case to the Eleventh Judicial Circuit of Florida, finding that the Defendants waived their right to removal because one of the Defendants filed a motion to dismiss in state court. This Court finds jurisdiction to reconsider this issue and concludes that the Defendants did not waive their right to removal by filing the motion to dismiss in state court.

### *JURISDICTION*

The Plaintiff contends that the Court lacks jurisdiction to reconsider the Order of Remand. The reviewability of remand orders is controlled by 28 U.S.C. § 1447(d), which provides that "[a]n order remanding a case to a State court from which it is removed is not reviewable on appeal or otherwise." This Court's jurisdiction to reconsider the order of remand is co-extensive with the power of the Eleventh Circuit to entertain the appeal of an order of remand. *First Union Nat'l Bank v. Hall,* 123 F.3d 1374, 1377–78 (11th Cir.1997).

Section 1447(d) "applies only to cases remanded, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction or defects in the removal procedure." *Id.* at 1377; *In re Ocean Marine Mut.,* 3 F.3d 353 (11th Cir.1993). Prior to 1996, section 1447(c) provided that

> A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal.... If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Effective October 1, 1996, the phrase "any defect other than lack of subject matter jurisdiction" was substituted for "any defect in removal procedure." Although one could interpret this amendment as altering the scope of section 1447(c), the Eleventh Circuit twice concluded that a Defendant may not seek review of remand orders based on the lack of subject matter jurisdiction or the existence of a procedural defect. *See Ariail Drug Co., Inc. v. Recomm Int'l Display, Ltd.,* 122 F.3d 930, 933 (11th Cir.1997); *New v. Sports & Recreation, Inc.,* 114 F.3d 1092, 1095 n. 5 (11th Cir.1997).

The Defendant correctly argues that this Court's Order of Remand is reviewable because it is based on a consideration other than the lack of subject matter jurisdiction or a defect in removal procedure. The remand in this case was based on the Defendant's waiver of the right to remove. However, a defect in the removal procedure typically refers to a failure to comply with one or more of the procedural requirements specified in the text of the removal statutes. *See, e.g., In re Uniroyal Goodrich Tire Co.,* 104 F.3d 322, 324 (11th Cir.1997) (failure to file notice of removal within thirty days); *In re Ocean Marine,* 3 F.3d at 355–56 (unexplained failure to join all defendants in the removal notice). Section 1446 does not make the absence of waiver an express procedural requirement for removal, and upon further review, the Court agrees that section 1447(d) does not preclude this Court from reconsid-

---

**1.** This Memorandum Opinion has been amended to correct a scrivener's error. The word "not" was erroneously omitted from the last sentence of the third paragraph in the original Memorandum Opinion.

ering the remand order. *See Travelers Insurance Company v. Keeling,* 996 F.2d 1485, 1488 n. 2 (2d Cir.1993) (remand order based on waiver is reviewable under 1447(d)); *Clorox Company v. United States District Court,* 779 F.2d 517, 520 (9th Cir.1985) (same).

### IS REMAND WARRANTED?

■ In issuing the Order of Remand, the Court relied primarily on *Scholz v. RDV Sports, Inc.,* 821 F.Supp. 1469 (M.D.Fla. 1993), in which the Middle District of Florida concluded that the Defendant waived its right to removal by filing a motion to dismiss in state court and scheduling a hearing on that motion prior to noticing removal. This case presents a factually distinct issue: whether remand is appropriate when a defendant files a motion to dismiss in state court but takes no further action that would indicate an intent to make affirmative use of the state court process. For the reasons stated below, the Court answers this question in the negative.

The Florida Rules of Procedure requires that a defendant serve a responsive pleading within twenty days after service of original process and the initial pleading on the defendant. *See* Fla.R.Civ .P. 1.140(a)(1). A defendant desiring to remove any civil action from a state court must file a notice of removal within thirty days after the receipt by the defendant of a copy of the initial pleading or service of the summons, whichever period is shorter. 28 U.S.C. 1446(b). The Federal Rules of Civil Procedure contemplate the filing of a responsive pleading prior to the removal of a case. *See* Fed .R.Civ.P. 81(c) (in removed actions, "[r]epleading is not necessary unless the court so orders"). Therefore, a defendant seeking removal of a state court action that it contends fails to state a cause of action must either (1) remove the action within twenty days and file a motion to dismiss in federal court, (2) file a motion to dismiss in state court and later seek removal, or (3) request an extension of time to respond to the Complaint in state court and then file the motion to dismiss after the Complaint is properly removed.

The Florida Rules of Civil Procedure cannot operate to shorten the time period within which to remove a state court Complaint to federal court, and a defendant should not be required to file a motion for extension of time in state court merely to observe both courts' procedural requirements. Consequently, a defendant whose sole action in the state court is the filing of the motion to dismiss has not indicated any intent to waive its right to proceed in the federal forum. *See Miami Herald Pub. Co., Inc. v. Ferre,* 606 F.Supp. 122, 124 (S.D.Fla.1986) (neither defending at a preliminary injunction hearing nor filing an answer and affirmative defenses in state court is sufficient to waive the right to removal). A contrary intent might be inferred where the defendant schedules a hearing on the motion to dismiss in state court, particularly since a state court (at least in Florida's Eleventh Judicial Circuit) will not rule on the motion until after a properly scheduled hearing. Therefore, *Scholz* is not inconsistent with this ruling; however, a defendant does not waive its right to proceed in federal court if the Plaintiff requests a state court hearing or the state court judge sets a hearing *sua sponte* and the defendant attends the hearing without requesting a continuance to a date beyond the thirty-day deadline for removal.

### CONCLUSION

Therefore, the Defendants' Motion for Reconsideration is GRANTED and the Court's Order of Remand is VACATED.