**Ellen B. PEASE and Louis E. Pease, Plaintiff,**

v.

**MEDTRONIC, INC., Defendants.**

No. 98–552–CIV.

United States District Court, S.D. Florida.

May 15, 1998.

Alvin Davis, Steel, Hector & Davis, LLP, Miami, FL, for Defendants.

L. Dianne Mason, L. Dianne Mason, P.A., Coral Gables, FL, for Plaintiff.

Daniel Shaughnessy, Daniel Shaughnessy, P.A., Jacksonville, FL.

### ORDER DENYING MOTION TO REMAND

GOLD, District Judge.

THIS CAUSE came before the Court on plaintiffs' Motion to Remand. Plaintiffs, Ellen B. Pease and Louis E. Pease, move for remand on grounds that defendant Medtronic, Inc. ("Medtronic") improvidently removed this action from its state court of origin. After careful consideration of the parties'

arguments, the relevant case law and the record as a whole, this Court concludes that plaintiffs' motion to remand should be denied.

## I. Findings of Fact and Procedural Background

The following facts are gleaned from plaintiffs' Complaint and Medtronic's removal petition. On December 31, 1997, plaintiffs filed suit in the Eleventh Judicial Circuit, in and for Dade County, Florida. In their Complaint, plaintiff sought damages, costs, and attorney's fees as provided by law against Medtronic for injuries sustained by plaintiffs from use of a defective cardiac pacemaker leads, which was designed, manufactured, assembled and marketed by defendant. Plaintiffs included claims for negligence, strict product liability and breach of express and implied warranties of fitness and merchantability.

On March 6, 1998, plaintiffs filed a motion for leave to amend their complaint to add a claim for punitive damages pursuant to Fla. Stat. § 768.72. The Honorable Phillip Bloom, Circuit Court Judge, granted plaintiffs' motion for a hearing on the punitive damages issue.

On March 11, 1998, defendants filed a notice of removal in this Court pursuant to 28 U.S.C. § 1441. Removal was premised on diversity jurisdiction under 28 U.S.C. § 1332. In response, plaintiff filed the motion now before the Court, contending that remand is warranted, because, 1) defendant's removal is procedurally defective, as defendant failed to remove this case within 30 days of service of the original Complaint, 28 U.S.C. § 1446, and 2) diversity jurisdiction does not exist—defendant cannot prove to a legal certainty that the amount in controversy exceeds $75,000.

## II. Analysis and Discussion

### A. Diversity Jurisdiction

■ Any action initially brought in state court may be removed if "the district courts of the United States have original jurisdiction." Title 28 U.S.C. § 1441(a). One category of civil actions with such original jurisdiction is those between "citizens of different states" where the amount in controversy "exceeds the sum or value of $75,000." Title 28

U.S.C. § 1332(a)(1). In order to qualify for diversity jurisdiction, there must be complete diversity between the parties, which means no plaintiff may be a citizen of the same state as any defendant. *Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806); *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir.1996). The burden of proving any jurisdictional fact rests upon the party seeking to invoke the jurisdiction of the federal courts. In removal cases, therefore, this burden rests on the defendant. *Fowler v. Safeco Ins. Co. of America*, 915 F.2d 616, 617 (11th Cir.1990).

### 1. Amount in Controversy

■ In accordance with these principles of limited jurisdiction, the Court of Appeals for the Eleventh Circuit has held that, when a plaintiff makes a specific demand for judgment for less than the jurisdictional amount set by Congress, the defendant must prove to "a legal certainty" that the amount in controversy actually exceeds the jurisdictional minimum. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir.1994). Although "the defendant's burden of proof [is] a heavy one," the *Burns* Court made it clear that

> "[a]dopting this standard does not mean that a removing defendant can never prevail. A defendant could remain in federal court if he showed that, if plaintiff prevails on liability, an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [the jurisdictional threshold]."

*Id.* at 1095-96 (emphasis supplied) The *Burns* standard is "an objective one; plaintiff's counsel's subjective intent in drafting the prayer is not the true issue." *Id.*

■ A defendant's right to remove is determined by examining the allegations in the complaint at the time the defendant files the notice of removal. *Keene Corp. v. United States*, 508 U.S. 200, 206-08, 113 S.Ct. 2035, 2040, 124 L.Ed.2d 118 (1993) (citations omitted). The Court, therefore, must review the amount in controversy at the time of removal to determine whether plaintiff's claim meets this jurisdictional prerequisite. Plaintiffs here have alleged damages of "less than $75,000 but more than $15,000." As such, this case is controlled by *Burns, supra,* and de-

fendant must prove to a legal certainty that the amount in controversy actually exceeds $75,000.

■ Defendant does not dispute its burden in this matter. Rather, defendant contends that it has succeeded in meeting this heavy burden. Defendant first assails plaintiff's contention that compensatory damages in this case are worth significantly less than $75,000. Defendant persuasively draws on cases brought by plaintiffs' counsel involving similar or identical allegations against the same defendant. In one such case, arguing for class certification in this Court, plaintiffs' co-counsel represented to Magistrate Judge Ted E. Bandstra that while medical bills alone in these cases routinely are $20,000, mental anguish ratchets the value of the case up to "$100,000 to $150,000."[1] Response, Ex. 1, at 11. Counsel commented later in the same hearing that these cases arise out of an "identical set of facts," and counsel again estimated that the Medtronic cases are worth "$100,000 to $200,000."[2] *Id.* at 18.

Considering this evidence, the Court agrees with defendant that compensatory damages in cases like this one routinely approach or exceed $75,000. But this evidence alone does not demonstrate to a legal certainty that the jurisdictional minimum amount in controversy is satisfied in this specific case. This is especially true considering that the determination of the amount in controversy is governed by objective criteria, not the subjective estimation of counsel. *Burns,* 31 F.3d at 1095–96.

Nevertheless, the Court finds plaintiffs' co-counsel's assessment of damages in oral argument to be credible and objectively reason-

able. The Court also agrees with defendant that plaintiffs' claim for punitive damages changes the calculus. As such, the evidence of compensatory damages coupled with plaintiff's punitive damages certainly meets the standard in *Burns,* even considering that "removal statutes are narrowly construed" and "uncertainties are resolved in favor of remand." *Burns,* 31 F.3d at 1095.

## 2. Procedural Defects

■ Section 1446 limits the period in which a defendant may exercise his removal right from state to federal court.[3] *Michetti Pipe Stringing, Inc. v. Murphy Brothers Inc.,* 125 F.3d 1396, 1397–98 (11th Cir.1997) (citing 28 U.S.C. § 1446). Although no case may be removed based upon diversity of citizenship "more than one year after commencement of the action," the thirty day deadline for removal commences in a case not originally removable "... within thirty days after receipt by the defendant ... of a copy of an amended pleading, *motion,* order or other paper from which it may first be ascertained that the case is one which is or has become removable ...." 28 U.S.C. § 1446(b) (emphasis added). "In a case not originally removable, a defendant who receives a pleading or other paper indicating the post-commencement satisfaction of federal jurisdictional requirements—for example, by reason of the dismissal of a nondiverse party—may remove the case to federal court within 30 days of receiving such information." *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 117 S.Ct. 467, 472–73, 136 L.Ed.2d 437 (1996).

■ Here, plaintiffs contend that defendant's removal was untimely, as plaintiffs

---

1. Counsel for plaintiff stated:

   "As for damages, each of our plaintiffs have had their leads removed. The approximate cost of removal is approximately $20,000. We would suggest to the court that we would try this case on common issues and that the jury can render a judgment for each of the named plaintiffs as well as everyone else in the class for the same amount of money. You've got $20,000. You've got pain and suffering and the mental anguish for removal which each class member will be required to undergo. And so you have a case. What's the value of the case? The value of $20,000 in medical bills case with mental suffering is $100,-000 to $150,000. It may be more. It may be a bit less."

2. Counsel for plaintiff stated:

   "Additionally, as I've repeatedly said, the claims are typical. So why would we have to go, the plaintiff, have to go and try each and every case that we believe is worth $100,000 to $200,-000 to prove the identical set of facts using all of our experts."

3. Section 1446(b) provides:

   (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.... 28 U.S.C. § 1446(b) (1994).

filed suit in state court on December 31, 1997, and the defendant filed its notice of removal on March 11, 1998, well beyond thirty days after service of the Complaint on defendant. Defendant argues that prior to the date when plaintiffs filed their motion to add a claim for punitive damages, defendant could not have known that the amount in controversy exceeded the minimum jurisdictional amount of $75,000. The Court finds defendant's argument persuasive.

At the outset, the Court notes that the *Burn's* Court admonished trial courts and defense counsel to give credence to counsel's assessment of the value of its case. *Burns,* 31 F.3d at 1092 ("We will not assume—unless given reason to do so—that plaintiff's counsel has falsely represented, or simply does not appreciate, the value of his client's case."). In the case at bar, plaintiffs alleged in their Complaint that their case was worth "less than $75,000 but more than $15,000." As shown above, defendant had reason to question plaintiffs' assessment. But defendant was constrained by *Burns,* and plaintiffs did not assert a claim for punitive damages in their original Complaint.

As such, at the time plaintiffs filed their Complaint, defendant could not prove *to a legal certainty* that plaintiff's claim was worth $75,000. *Basso v. United Wisconsin Life Insurance Co.,* No. 97–573, 1997 WL 401584, at *1 (S.D.Fla. April 27, 1997) ("As long as the claim is indeterminate from the complaint, or otherwise, the defendant may not be charged with the running time for removal"). Section 1446(b) provides that a defendant must petition for removal within 30 days of receiving notice in the form of an "order" or "motion" that the case "is or has become removable." Plaintiffs' motion to amend served as that trigger, placing defendant on notice that the 30–day clock had commenced. As demonstrated by the language of the statute, the motion itself was sufficient to give defendant notice that the case had become removable. A contrary assertion ignores the express language of the statute.

Yet plaintiff relies on *Howard v. Globe Life Ins. Co.,* 973 F.Supp. 1412 (N.D.Fla.1996), for the proposition that this Court cannot consider plaintiff's punitive damages claim in determining the amount in controversy. The Court concludes that *Howard* is inapposite, as it is factually distinguishable. In *Howard,* the defendant removed the case merely upon the suspicion that plaintiff intended to amend its complaint to seek punitive damages. In remanding the case to state court, the Court commented:

> "Defendants' belief that plaintiffs are waiting for the case to be remanded to state court before they amend their complaint to seek punitive damages is indicative of the gamesmanship involved. If and when that happens, the case would then become removable—but not until then."

*Howard,* 973 F.Supp. at 1418. In the case at bar, defendant is on different legal footing than the defendants in *Howard,* as plaintiffs here actually filed a motion in state court seeking to amend its Complaint to add a claim for punitive damages. Again, mindful of *Burns;* this Court will not assume that plaintiff moved for punitive damages in state court with no factual or legal basis for doing so. And the Court would similarly not expect defendant to have to make such an assumption. Accordingly, the Court finds that plaintiffs' motion for leave to amend constituted notice to defendant to file a petition in this Court for removal.

Plaintiffs argue, however, that it would be anomalous to permit defendant to remove this action, based in part upon plaintiffs' petition for punitive damages, only to deny plaintiffs' motion to amend its Complaint to add a claim for punitive damages. Plaintiffs can rest assured that this Court will not waste the parties' time and this Court's resources in this way.[4]

**3. Waiver of Right to Removal**

Plaintiffs next argue that defendant has waived its right to remove this action by

---

**4.** Plaintiff predicates this argument on Fla. Stat. § 768.72, which requires parties to seek leave to amend prior to adding a claim for punitive damages. In construing this statute, this Court is in agreement with the majority of judges in the Southern District of Florida that have held that Fla. Stat. § 768.72 is a pleading statute inapplicable to Florida state law claims litigated in federal court. Compare *Al–Site Corp. v. VSI Intern.,* 842 F.Supp. 507 (S.D.Fla.1993) with *Sosa*

filing a motion to dismiss in state court. In support of this contention, plaintiffs rely principally on *Scholz v. RDV Sports, Inc.*, 821 F.Supp. 1469 (M.D.Fla.1993), in which Judge Sharp of the Middle District of Florida remanded a case to state Court on grounds that defendant had filed a motion to dismiss in state court and scheduled a hearing on that motion. *Scholz*, 821 F.Supp. at 1470–71. The Court finds, once again, that plaintiff's argument is without merit.

In *Somoano v. Ryder Systems, Inc.*, 985 F.Supp. 1476 (S.D.Fla.1998), the defendant filed a motion to dismiss in state court prior to petitioning for removal to federal court. The defendant did not, however, move for a hearing on its motion to dismiss. Judge Moreno of this District, distinguishing *Scholz, supra,* held that the defendant had not waived his right to seek relief in federal court, because the period for filing a motion to dismiss under the Florida Rules of Civil Procedure, twenty days, is less than the thirty days provided to remove the case. *Somoano*, 985 F.Supp. at 1478. Denying a motion to remand on this basis, therefore, penalizes defendants for protecting their interests under the Florida Rules of Civil Procedure. Judge Moreno's words are instructive:

> "The Florida Rules of Civil Procedure cannot operate to shorten the time period within which to remove a state court Complaint to federal Court, and a defendant should not be required to file a motion for extension of time in state court merely to observe both courts' procedural requirements. Consequently, a defendant whose sole action in the state court is the filing of the motion to dismiss has not indicated any intent to waive its right to proceed in the federal forum."

*Id.*

Here, defendant filed its motion to dismiss at a time when the allegations in plaintiffs' Complaint did not support removal. This Court will not permit plaintiff to use the Florida Rules of Civil Procedure as a sword:

plaintiffs cannot insulate their suit from removal, wait for defendant to move to dismiss within 20 days and then amend its complaint with allegations sufficient to provide a basis for removal. In short, this Court will not penalize defendant for protecting its interests in the state forum at a time when removal is not possible.

Accordingly, it is

**ORDERED AND ADJUDGED** that plaintiffs' Motion to Remand [D.E. # 5–1] be, and it is hereby DENIED. It is further

**ORDERED AND ADJUDGED** that plaintiffs' Motion for Sanctions [D.E. # 5–2] be, and it is hereby DENIED.

*v. Dryclean–USA*, No. 96–3717, 1997 WL 580600, *2 (S.D.Fla. June 25, 1997) and *State of Wis. Inv. Bd. v. Plantation Square Associates, Ltd.*, 761 F.Supp. 1569 (S.D.Fla.1991). Instead, the feder-

al pleading rules require only a "short and plain statement" of the punitive damages claim, Fed. R.Civ.P. 8(a), and a party may amend freely as provided by Fed.R .Civ.P. 15(a).