Chad HILL and Rhonda Hill, his wife, Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.

No. 99–1727–CIV–T–26C.

United States District Court, M.D. Florida, Tampa Division.

Nov. 1, 1999.

James R. Hilbert, Jr., Carey & Hilbert, Clearwater, FL, for Maria Bajraktari, plaintiff.

John P. McAdams, Emily J. Taylor, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, FL, for Roberds, Inc., Ted Palmer, defendants.

## *ORDER*

LAZZARA, District Judge.

Before the Court is Plaintiffs' Motion for Remand for Lack of Jurisdiction (Dkt.8), an affidavit of attorney's fees (Dkt.9), and Defendant's Memorandum in Opposition (Dkt.10). Plaintiffs seek to remand this case to state court on two grounds: 1) Defendant waived removal by actively participating in the state court action, and 2) the jurisdictional amount of $75,000.00 does not appear on the face of the amended complaint.

### Pertinent Facts

When this case was originally brought in state court, Plaintiffs named and served two defendants: State Farm Mutual Automobile Insurance Company (State Farm) and Audrey Deweerd, a claim specialist with State Farm. In state court, both State Farm and Deweerd filed a motion to dismiss and to strike the claim for punitive damages. The trial court granted the motion to dismiss but reserved ruling on whether the two-count complaint stated a cause of action against Deweerd. After Plaintiffs filed an amended complaint, both defendants sought to dismiss again. This time the trial court granted Deweerd's motion to dismiss thereby dismissing Deweerd as a party. Thereafter, State Farm timely removed the case to this Court based on diversity jurisdiction.

### Waiver by Active Participation

Plaintiffs contend that State Farm's active participation in state court prohibit it from accomplishing a successful removal. While there is no Eleventh Circuit case on point, there are two cases from the Fifth Circuit,[1] several cases from other district courts,[2] and at least two prior orders of this Court which provide some guidance. In analyzing all the cases, it is clear that a determination of waiver by active participation must be made on a case-by-case basis.

The filing of a motion to dismiss in and of itself does not necessarily constitute a waiver of the defendant's right to proceed in the federal forum. See *Fernandez v. Amrep, Inc.*, 1999 WL 54524, at *1, (S.D.Fla. Jan.11, 1999); *Pease v. Medtronic, Inc.*, 6 F.Supp.2d 1354, 1359 (S.D.Fla.

---

1. A decision of the present Fifth Circuit is *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir.1986), which relies on the former Fifth Circuit case of *Schell v. Food Mach. Corp.*, 87 F.2d 385 (5th Cir.1937).

2. Although the decisions of other district courts are not binding on this Court, a compilation of some of the cases involving the issue of waiver of removal is beneficial in determining whether a waiver has occurred. *Compare Haynes v. Gasoline Marketers, Inc.*, 184 F.R.D. 414 (M.D.Ala.1999) (filing of answer with affirmative defenses did not constitute waiver), *Pease v. Medtronic, Inc.*, 6 F.Supp.2d 1354 (S.D.Fla.1998) (filing of motion to dismiss at time when allegations of complaint did not support removal did not constitute waiver), *Somoano v. Ryder Systems, Inc.*, 985 F.Supp. 1476 (S.D.Fla.1998) (filing of motion to dismiss without setting same for hearing or taking further action indicating intent to make affirmative use of state court, did not constitute waiver), *Fain v. Biltmore Securities, Inc.*, 166 F.R.D. 39 (M.D.Ala.1996) (filing of motion to stay case pending arbitration and to compel arbitration did not constitute waiver), *Bourdier v. Diamond M Odeco Drilling, Inc.*, 1994 WL 25526 (E.D.La. Jan.24, 1994) (filing of answer alone insufficient to constitute waiver), *and Miami Herald Publishing Co. v. Ferre*, 606 F.Supp. 122 (S.D.Fla.1984) (neither filing answer with affirmative defenses nor defending against preliminary injunction constituted waiver), *with Fernandez v. Amrep, Inc.*, 1999 WL 54524 (S.D.Fla. Jan. 11, 1999) (filing motion to dismiss and voluntarily entering into agreed order granting motion to dismiss constituted waiver), *Kam Hon, Inc. v. Cigna Fire Underwriters Ins. Co.*, 933 F.Supp. 1060 (M.D.Fla.1996) (filing of motion to dismiss in state court constituted waiver), *Scholz v. RDV Sports, Inc.*, 821 F.Supp. 1469 (M.D.Fla.1993) (filing three motions to dismiss and scheduling hearing on same amounted to waiver), *and Heafitz v. Interfirst Bank*, 711 F.Supp. 92 (S.D.N.Y.1989) (filing motion to dismiss constituted waiver).

1998); *Somoano v. Ryder Systems, Inc.,* 985 F.Supp. 1476 (S.D.Fla.1998). In *Fernandez,* the district judge, relying on *Pease* and *Somoano,* found that the defendant's entering into an agreed order granting the defendant's motion to dismiss, evidenced an affirmative use of the state court process. In *Pease,* the district court found that the defendant's filing of a motion to dismiss prior to the time the complaint supported removal did not constitute a waiver of removal. In *Somoano,* the district court found that the filing of a motion to dismiss without setting it for hearing did not constitute waiver.

On at least two occasions in the Middle District of Florida, however, the filing of a motion to dismiss resulted in a finding that a waiver of removal had occurred. *See Kam Hon, Inc. v. Cigna Fire Underwriters Ins. Co.,* 933 F.Supp. 1060 (M.D.Fla. 1996); *Scholz v. RDV Sports, Inc.,* 821 F.Supp. 1469 (M.D.Fla.1993). In *Kam Hon,* the court relied on *Scholz* and found that the filing of a motion to dismiss before filing a timely notice of removal constituted a waiver of the right to remove. In *Scholz,* the court found that the defendant's filing three motions to dismiss and scheduling those motions for hearing, constituted a waiver.

The *Scholz* court relied on *Brown v. Demco, Inc.,* 792 F.2d 478 (5th Cir.1986), which cited *Schell v. Food Machinery Corp.,* 87 F.2d 385 (5th Cir.1937). The *Brown* court cited *Schell* for the proposition that "[e]ven a defendant who petitions timely may have waived its right to removal by proceeding to defend the action in state court or otherwise invoking the processes of that court." *See Brown,* 792 F.2d at 481. In *Brown,* the defendants had "not only let the thirty-day period elapse, but also [had] defended this action in state court for four years .... [by filing] answers, amended answers, motions of various kinds, third party demands, cross claims, amended cross claims, and [participating] in discovery and depositions." *See id.* On the facts of *Brown,* there may be no doubt that a holding of waiver was in order. A reading of *Schell* also supports a holding of waiver based on its facts—that the parties made motions directed to the pleadings of their adversaries and orders were entered permitting additional time to amend the pleadings.

This Court has addressed the issue of active participation in at least two unpublished orders: *Fredrickson v. Price Communications Wireless, Inc.,* No. 98–277–CIV–FtM–26D (Dec. 4, 1998), and *Jackson v. State Farm Mutual Automobile Insurance Co.,* No. 98–589–CIV–T–26B (Nov. 25, 1998). In neither of those cases did the Court find that active participation had occurred. In *Jackson,* the defendant filed a motion to dismiss in state court on the same day it filed a notice of removal, albeit in the wrong court. In *Fredrickson,* the defendant filed a motion to dismiss but never set it for hearing. In both cases, the removal was timely sought.

 After reviewing the cases, it is clear that some of the decisions of other district courts cited in this order[3] assert

---

3. At least one circuit court has addressed the principle of waiving federal jurisdiction by conduct in state court. *See Ward v. Resolution Trust Corporation,* 972 F.2d 196 (8th Cir. 1992). In *Ward,* after the case was removed to federal court, the defendants requested a release of the record in the state appellate court to attempt to transfer the record to the federal court. The Eighth Circuit cited *Brown* for the proposition that a waiver of the right to remove may occur by defending an action in state court. In finding no waiver, the *Ward* court reasoned:

The motion did not request a ruling on the merits of the appeal or an abandonment of

federal jurisdiction. If the motion were improper or filed in the wrong court, the state court of appeals simply could have denied the motion as it did. The state court of appeals did not consider the merits of the appeal. When Ward filed his motion to dismiss the state appeal or affirm the state judgment, the RTC and Madison Financial responded that jurisdiction was in federal court. Given these circumstances, we conclude the RTC and Madison Financial did not waive federal jurisdiction.

In *Ward,* at the time of removal, the case was in a different procedural posture. *Ward* did not present a scenario invoking the interplay of the requirement of filing a motion to

that the actual grounds of the motion to dismiss should be analyzed to determine whether the motion seeks a resolution based on the merits of the case. This Court is of the opinion, however, that neither the former Fifth Circuit nor the Eleventh Circuit has mandated that such an analysis be made. Until the Eleventh Circuit holds otherwise, this particular Court adheres to the rule that the mere filing of a motion to dismiss followed by a timely and proper removal does not constitute waiver by participation.[4]

As to the jurisdictional amount, this Court finds that Defendant has carried its burden of showing that this case may proceed in district court.

It is therefore **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Remand for Lack of Jurisdiction (Dkt.8) is **DENIED**.

dismiss within twenty days of service and the requirement of removal within thirty days of service. Under the latter scenario, which is the one at hand, a finding that the mere filing of a motion to dismiss in state court does not usurp a defendant's right of removal, seems prudent.

4. There may be some unusual and unique circumstances which may require an exercise in analyzing the contents of a motion to dismiss. At this point, however, this Court has not been presented with such a situation.