[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 15, 2004
THOMAS K. KAHN
CLERK

_____

No. 03-15343
Non-Argument Calendar

_____

D. C. Docket No. 03-01380-CV-ORL-22-KRS

BAHRAM YUSEFZADEH,

Plaintiff-Appellee,

versus

NELSON, MULLINS, RILEY & SCARBOROUGH, LLP,
a foreign limited liability partnership,
GLENN W. STURM,
CHARLES D. VAUGHN,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 15, 2004)

Before TJOFLAT, MARCUS and GODBOLD, Circuit Judges.

PER CURIAM:

This diversity case concerns the restraints on remand of an action removed from state court. On September 2, 2003 Yusefzadeh sued Nelson, Mullins, Riley & Scarborough, L.L.P. ("Nelson") in Florida state court seeking damages for breach of fiduciary duty, negligence, and negligent misrepresentation and alleging that Nelson had induced Yusefzadeh to either make bad investments or have failed to protect Yusefzadeh's interests. Florida Rules of Civil Procedure, Rule 1.140 requires that a defendant file either an answer or motion within 20 days. On September 22, 2003, Nelson filed two Motions to Dismiss alleging lack of personal jurisdiction and that the complaint was fatally defective for various reasons including statute of limitations. On September 25, 2003, before the state court had ruled on either motion, Nelson filed a Notice of Removal on the Basis of Diversity; this notice was timely under 28 U.S.C. §1446(b). On October 2, 2003, the district court *sua sponte* remanded this suit to the state court holding that by filing motions to dismiss in state court Nelson had attempted to litigate this case in the state forum and therefore had waived his right to remove. Nelson now appeals, alleging remand was inappropriate because (1) the district court does not have the authority to *sua sponte* remand this case and (2) that filing a motion or answer in compliance with state civil procedure does not equate to litigating on the merits. We reverse and remand.

"We review de novo a district court's decision to remand based on 28 U.S.C. § 1447(c)." Poore v. American-Amicable Life Ins. Co. of Texas, 218 F.3d 1287, 1289 (11th Cir. 2000).

## Remand *Sua Sponte*

28 U.S.C. §1447(c) states in pertinent part that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under [28 U.S.C] section 1446(a)." This court has joined its sister circuits in holding that based on the language of §1447(c) the district court may not *sua sponte* decide to remand the case for any procedural defect other than lack of subject matter jurisdiction. Whole Health Chiropractic & Wellness, Inc. v. Humana Medical Plan, Inc., 254 F.3d 1317, 1320-21 (11th Cir. 2001) (citing Page v. City of Southfield, 45 F.3d 128, 132-33 (6th Cir. 1995); In the Matter of Continental Cas. Co., 29 F.3d 292, 294-95 (7th Cir. 1994); In re Allstate Ins. Co., 8 F.3d 219, 223-24 (5th Cir. 1993)). In Whole Health, this court reiterated the Seventh Circuit's concerns in Continental Casualty that allowing district courts to remand *sua sponte* on matters other than subject matter jurisdiction would "run contrary to the removal statutes' goals of preventing delays and the shuffling of cases." Id at 1320. This court further noted that "plaintiffs may forgive procedural defects and accept a federal forum . . . ." Id.

3

A "court, which has subject matter jurisdiction, may not remand the case *sua sponte,*" Nielsen v. Weeks Marine, Inc., 910 F.Supp. 84, 87 (D.C.N.Y. 1995) because there is "no valid reason for the court to decline the exercise of jurisdiction." Allstate Insurance, 8 F.3d at 223. There is no evidence before this court indicating that the district court lacked subject matter jurisdiction; the parties were diverse and the amount in controversy requirement was satisfied. Moreover, the district court itself did not say in its remand order that it lacked subject matter jurisdiction. All other procedural defects associated with the removal, if any, could only have been raised by Yusefzadeh within the allotted time period of 28 U.S.C. §1447(c). Therefore, the district court erred in remanding this case *sua sponte*.

## Waiver of Removal

Once a state court defendant has exercised his right to seek removal under 28 U.S.C. §1446(a) a state court plaintiff may seek remand within thirty days after the filing of the notice of removal noting any defect with the removal. 28 U.S.C. §1447(c). One such defect, commonly referred to as litigating on the merits, effectively waives the defendant's right to remove a state court action to the federal court.

"A state court defendant may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in

4

that tribunal before filing a notice of removal with the federal court . . . [w]aiver will not occur, however, when the defendant's participation in the state action has not been substantial or was dictated by the rules of that court . . . ."

CHARLES A. WRIGHT, ET AL., 14B FEDERAL PRACTICE & PROCEDURE §3721 (2003). Whether the state court defendant had waived his right to remove based on "active participation must be made on a case-by-case basis." Hill v. State Farm Mutual Automobile Ins. Co., 72 F.Supp.2d 1353, 1354 (M.D.Fla. 1999).

As noted in Somoano v. Ryder Systems, Inc. "[t]he Federal Rules of Civil Procedure contemplate the filing of a responsive pleading prior to the removal of a case." 985 F.Supp. 1476, 1478 (S.D. Fla. 1998) (noting that Fed. R.Civ.P.81(c) makes re-pleading unnecessary in removed actions). Florida requires a state court defendant to file responsive pleadings within 20 days after receipt of the complaint. Fla.R.Civ.P. 1.140(a)(1). Concurrently, a state court defendant has 30 days to seek removal of a state court action. 28 U.S.C. §1446(b). This discrepancy in the time periods places a state court defendant in a quandary of either (1) removing the action and filing the motion to dismiss in federal court within 20 days, (2) filing a motion to dismiss in state court and then immediately seeking removal or (3) requesting an extension to file responsive pleadings in state court prior to

5

removing.  <u>Somoana</u>, 985 F.Supp. at 1478.  This quandary should not be used to forestall a state court defendant who chooses to pursue the second option from swiftly seeking to remove his case to the federal court.  Therefore "[t]he filing of a motion to dismiss in and of itself does not necessarily constitute a waiver of the defendant's right to proceed in the federal forum."  <u>Hill</u>, 72 F.Supp.2d at 1354.

In this case, in compliance with Florida law, Nelson filed his responsive brief in state court and then sought to remove the case to federal court.  He did not schedule a hearing on his motions to dismiss prior to seeking removal and the state court had not ruled on his motions to dismiss prior to his removing the case.  In these circumstances it cannot be said that Nelson took substantial offensive or defensive actions in state court, therefore he has not waived his right to remove this action to federal court.

REVERSED and REMANDED for further proceedings not inconsistent with this opinion.