[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 03-12146
_____

FILED
U.S. COURT OF
APPEALS
ELEVENTH CIRCUIT
APRIL 26, 2004

D. C. Docket No. 03-00341-CV-ORL-22-DAB

VERA COGDELL,
GRANT COGDELL,

                                                        Plaintiffs-Appellees,

versus

WYETH, a Delaware corporation
f/k/a American Home Products Corporation,
WYETH PHARMACEUTICALS, a
Delaware corporation and
subsidiary of Wyeth
f/k/a Wyeth-Ayerst Laboratories Inc.,
A. H. ROBINS COMPANY, INC., a
Delaware corporation and
subsidiary of Wyeth,

                                                        Defendants-Appellants,

FISONS CORPORATION, a
Massachusetts corporation,
ECKERD CORPORATION OF FLORIDA, INC.
a Florida corporation,
JUDITH ALKIRE,

                                                        Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 26, 2004)


Before TJOFLAT, HULL and FAY, Circuit Judges.

TJOFLAT, Circuit Judge:

The case began on February 6, 2003, when Vera and Grant Cogdell filed a complaint in the Circuit Court of Volusia County, Florida, against Wyeth.[1] Wyeth accepted service of process on February 17, 2003, and on March 10, 2003, moved the circuit court alternatively to dismiss the complaint for failure to state a claim for relief or for a more definite statement on the ground that the allegations of the complaint were so vague and confusing that a responsive pleading should not be required. On March 20, 2003, Wyeth, representing that diversity of citizenship jurisdiction existed between the parties,[2] removed the case to the United States

_____

[1] The complaint named as defendants Wyeth f/k/a American Home Products Corporation, Wyeth Pharmaceuticals f/k/a Wyeth-Ayerst Laboratories, Inc., A.H. Robins Company, Inc., Fisons Corporation, Eckerd Corporation of Florida, Inc., and Judith Alkire. Prior to the filing of the complaint, A.H. Robins Company, Inc. was merged into American Home Products Corporation, which changed its name to Wyeth. Wyeth Pharmaceuticals is a division of Wyeth. We refer to these entities collectively as Wyeth, which is the only defendant before us.

[2] Diversity of citizenship existed between the Cogdells, who were citizens of Florida, and Wyeth, a Delaware corporation with its principal place of business in New Jersey. Wyeth's removal notice alleged that the remaining defendants had been fraudulently joined by the Cogdells for the purpose of precluding removal of the case to federal district court.

District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1441(b).

Six days later, the district court, acting solely on its own initiative, remanded the case to the Volusia County Circuit Court on the ground that Wyeth, by moving the circuit court to dismiss the Cogdells' complaint, had waived its § 1441(b) right to remove the case to federal court.

Wyeth now appeals. The first question we must decide is whether we have jurisdiction to entertain the appeal. We conclude that we have jurisdiction. We then move to the question of whether Wyeth waived its right to remove the case by filing a motion to dismiss in the state court. We conclude that it did not waive such right and therefore vacate the district court order at issue and remand the case for further proceedings in the district court.

I.

Section 1447(d) of Title 28 of the United States Code provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." [3] 28 U.S.C. § 1447(d). While the statute's language is expansive, and seems to encompass every order remanding a case to state court, § 1447(d) must be read in tandem with § 1447(c). Thermtron Prods.,

_____

[3] Section 1447(d) contains an exception. Cases removed to the district court pursuant to 28 U.S.C. § 1443, which applies to civil rights cases, are reviewable on appeal. The exception is inapplicable here; this is not a civil rights case.

3

Inc. v. Hermansdorfer, 423 U.S. 336, 345, 96 S. Ct. 584, 590, 46 L. Ed. 2d 542 (1976). Only remand orders based on the grounds recited in § 1447(c) are immune from review under § 1447(d). Id. at 346, 96 S. Ct. at 590. Subsection 1447(c) provides, in relevant part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). Thus, § 1447(d) bars review of remand orders that are based on a lack of subject matter jurisdiction or a "defect other than lack of subject matter jurisdiction." As we said in In re: Bethesda Memorial Hospital, Inc., 123 F.3d 1407, 1409 (11th Cir. 1997):

> [A] remand order is reviewable if and only if it is openly based on grounds other than (1) lack of district court subject matter jurisdiction; or (2) a motion to remand the case filed within 30 days of the notice of removal which is based upon a defect in the removal procedure.[4]

---

[4] Although our decision in In re: Bethesda Memorial Hospital was based on a prior version of § 1447(c), which referred to defects "in the removal procedure," we have since clarified that in the current statute, "the term 'defect' refers to removal defects, and is not synonymous with 'any remandable ground.'" Snapper, Inc. v. Redan, 171 F.3d 1249, 1258 (11th Cir. 1999). The second of the circumstances where we are prohibited from reviewing a remand order is thus a remand order granting a motion to remand based on a removal defect other than lack of subject matter jurisdiction. This circumstance is not present in the case at hand, however. Even if we were to assume that the district court based its remand order on a such a defect, our disposition of this appeal would still be the same. The district court entered the remand order sua sponte, not in response to a motion seeking a remand. See Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc., 254 F.3d 1317, 1319 (11th Cir. 2001) ("[Section] 1447(c) does not authorize any sua sponte remand order not based on subject matter

4

The Cogdells contend that the district court's remand order is not reviewable because it is based on lack of subject matter jurisdiction. The district court stated that by choosing to contest the case in state court, Wyeth had divested it of "removal jurisdiction." This begs the question as to whether "removal jurisdiction" is the equivalent of "subject matter jurisdiction" so as to prohibit appellate review. In this case, it is not.

To understand the difference between removal jurisdiction and subject matter jurisdiction, we must first explain what we mean when we use the word, "jurisdiction" in these two phrases. Jurisdiction is defined as "[a] court's power to decide a case or issue a decree." Black's Law Dictionary 855 (7th ed. 1999). A court's power, however, has many facets. The word "jurisdiction" is thus often modified to describe more particularly what facet of a court's power is under discussion. So, for instance, the Supreme Court has distinguished the power of a court to hear a given kind of case (subject matter jurisdiction) from the power the court has over a particular litigant (personal jurisdiction). United States v. Morton, 467 U.S. 822, 828, 104 S. Ct. 2769, 2773, 81 L. Ed. 2d 680 (1984).

While we have previously said that removal jurisdiction is "a species" of

jurisdiction").

5

subject matter jurisdiction, <u>Ariail Drug Co. v. Recomm Int'l Display, Inc.</u>, 122

F.3d 930, 933 (11th Cir. 1997), the two are not one and the same.  Subject matter

jurisdiction is "[j]urisdiction over the nature of the case and the type of relief

sought; the extent to which a court can rule on the conduct of persons or the status

of things."  Black's Law Dictionary 857 (7th ed. 1999).  The nature of the cases

upon which the federal courts may rule is defined in Article III, Section 2 of the

Constitution,[5] and the bases of subject matter jurisdiction in the United States

district courts are defined in 28 U.S.C. §§ 1330-1369.  They include, <u>inter alia</u>,

federal question jurisdiction under 28 U.S.C. § 1331 and diversity of citizenship

under 28 U.S.C. § 1332.

Removal jurisdiction can be considered a "species" of subject matter

jurisdiction in that it defines a federal court's power to hear a particular kind of

case – one that was originally brought in a state court.  It requires more, however,

than subject matter jurisdiction in the federal courts as defined by the Constitution

---

[5] Article III, section 2 states, in part:
The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority; – to all Cases affecting Ambassadors, other public Ministers and Consuls; – to all Cases of admiralty and maritime Jurisdiction; – to Controversies to which the United States shall be a Party; – to Controversies between two or more States;– between a State and Citizens of another State; – between citizens of different States; – between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.
U.S. Const. Art. III, § 2, cl. 1.

6

and 28 U.S.C. §§ 1330-1369.[6] According to the removal jurisdiction statute,

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Thus, one prerequisite for removal jurisdiction is that the case originated in state court. Another is that the defendant remove the case to the proper federal district court.[7] A third is that the federal district court have original jurisdiction to entertain the lawsuit.

If any one of these prerequisites is lacking, the district court can be said to lack removal jurisdiction. That is, if the plaintiff originally brings the case in federal court, the requirement that the case must originate in state court is lacking. Although the district court may have subject matter jurisdiction over the case, it cannot be said that it has removal jurisdiction. Similarly, if the defendant never removes the case to federal court, the district court would obviously lack removal jurisdiction. Finally, a district court could lack removal jurisdiction under § 1441 if the case is not one over which the court has original jurisdiction. Only in this

---

[6] Black's Law Dictionary does not define "removal jurisdiction."

[7] 28 U.S.C. § 1441(a) designates the proper court as "the district court of the United States for the district and division embracing the place where such action is pending." This "place" is the site of the state court in which the action is pending at the time the notice of removal is filed.

final example would a lack of removal jurisdiction coincide with a lack of subject-matter jurisdiction, triggering the bar to appellate review of § 1447(d).

The district court remanded the case at hand on the ground that it lacked removal jurisdiction to entertain the matter. Because lack of removal jurisdiction may or may not be based on lack of subject matter jurisdiction, we must look to the district court's dispositive order to determine why it concluded that it lacked removal jurisdiction. See First Union Nat'l Bank of Fla. v. Hall, 123 F.3d 1374, 1377 (11th Cir. 1997) ("In order to decide whether a remand order is reviewable, we look to the terms of the remand order itself . . . ."). If the court remanded the case because it lacked subject matter jurisdiction, our review of the remand order is prohibited by § 1447(d). Here, however, the district court said that removal jurisdiction was lacking because Wyeth had waived its right to remove the case by filing a motion to dismiss it in the state court. Waiver may be a proper basis upon which to find lack of removal jurisdiction; however, waiver does not divest the court of subject matter jurisdiction. Section 1447(d) does not preclude us from reviewing the district court's remand order. We therefore turn to the merits of Wyeth's appeal.

## II.

A short time ago, in a case nearly indistinguishable from this one, we held

that the removing defendant did not waive its right of removal by filing a motion to dismiss the plaintiff's complaint while the case was still pending in state court. Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, No. 03-15343, mem. op. at 6 (11th Cir. Apr. 15, 2004) (quoting Hill v. State Farm Mut. Auto. Ins. Co., 72 F. Supp. 2d 1353, 1354 (M.D. Fla. 1999)). As in Yusefzadeh, Wyeth moved the state court to dismiss the case and (before the court could rule on the motion) removed the case the case to the district court. Id. In neither case did the defendant take any additional steps to have the state court rule on its motion prior to its removal; in neither case did the state court act on the motion. Thus, as in Yusefzadeh, we cannot say that the defendant took such "substantial offensive or defensive actions in state court" that it waived its right to remove the lawsuit to the district court. Id.

For the foregoing reasons, the district court's remand order is vacated and the case is remanded to the district court for further proceedings not inconsistent with this opinion.

SO ORDERED.