[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13000
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 11, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-00894-JEC

PROVIDENT FUNDING ASSOCIATES, LP,

Plaintiff-Appellee,

versus

BRIDGET OBANDE,
and/or Occupants,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 11, 2011)

Before CARNES, BARKETT, and MARCUS, Circuit Judges.

PER CURIAM:

Bridget Obande appeals pro se the district court's order remanding a

foreclosure proceeding brought against her by Provident Funding Associates, LP, to state court. PFA initially brought the foreclosure action in Georgia state court, but Obande filed a notice of removal in the U.S. District Court for the Northern District of Georgia, arguing that removal was proper under 28 U.S.C. §§ 1441 and 1443.

In contending that the district court erred in granting PFA's motion to remand, Obande makes two main arguments. First she argues that the district court had removal jurisdiction under § 1441 based on diversity of citizenship. Second she argues that removal was proper under § 1443(1) because she alleged that her Seventh Amendment and Due Process Clause rights were violated by Georgia's dispossessory laws.

We review de novo the question of whether a district court had removal jurisdiction. Henson v. Ciba-Geigy Corp., 261 F.3d 1065, 1068 (11th Cir. 2001). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

As a general rule, we cannot review a district court's decision remanding a case to state court. Hernandez v. Seminole County, Fla., 334 F.3d 1233, 1235 (11th Cir. 2003); 28 U.S.C. § 1447(d). That rule, which is codified in § 1447(d),

2

applies when the district court concludes that it "lack[s] removal jurisdiction under § 1441 [because] the case is not one over which the court has original jurisdiction." Cogdell v. Wyeth, 366 F.3d 1245, 1248 (11th Cir. 2004). Section 1447(d), however, expressly exempts from its coverage certain civil rights cases removed under 28 U.S.C. § 1443. See 28 U.S.C. § 1447(d) (permitting appellate review of "an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title"). Where an appellant's challenge to a district court's remand order is based on the court's having removal jurisdiction under both §§ 1441 and 1443, we have dismissed the appeal to the extent it challenged the remand order based on § 1441 but allowed it to proceed to the extent it challenged the court's determination that removal based on § 1443 was improper. Alabama v. Conley, 245 F.3d 1292, 1293 n.1 (11th Cir. 2001).

Under § 1443, a defendant may remove an action if it is brought "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). A removal petition filed under § 1443 must satisfy the two-prong test set out in Georgia v. Rachel, 384 U.S. 780, 792, 794, 86 S.Ct. 1783, 1790, 1791 (1966). "First, the petitioner must show that the right upon which the petitioner relies arises under a

3

federal law 'providing for specific civil rights stated in terms of racial equality.'" Conley, 245 F.3d at 1295 (quoting Rachel, 384 U.S. at 792, 86 S.Ct. at 1790). "Second, the petitioner must show that he has been denied or cannot enforce that right in the state courts." Id. A defendant's reliance on broad constitutional or statutory provisions does not support removal under § 1443 when those provisions "are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that section 1443 demands." Rachel, 384 U.S. at 792, 86 S.Ct. at 1790 (holding that "the defendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443").

We dismiss Obande's appeal to the extent it challenges the district court's remand order under § 1441. That determination is not reviewable by this Court. See 28 U.S.C. § 1447(d). And although we may review Obande's claim that removal was proper under § 1443(1), removal of her case was not authorized under that statute because Obande did not assert that the state court proceedings would violate a federal law providing for specific civil rights stated in terms of racial equality. Accordingly, we dismiss in part and affirm in part.

**DISMISSED IN PART, AFFIRMED IN PART.**

4