[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-10104

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 5, 2004
THOMAS K. KAHN

D. C. Docket No. 03-02490-CV-TWT-1

MARY T. WILLIAMS, on behalf of herself
and all others similarly situated,

Plaintiff-Appellee,

versus

AFC ENTERPRISES, INC.
FRANK J. BELATTI, et al.,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 5, 2004)

Before BIRCH, BARKETT and COX, Circuit Judges.

COX, Circuit Judge:

## I. Introduction

The plaintiff filed in state court this putative class action asserting claims under the Securities Act of 1933. The defendants removed the case to federal court. Plaintiff filed a timely motion to remand to state court, arguing that the Securities Litigation Uniform Standards Act of 1998 precludes removal. The district court granted plaintiff's motion to remand, then *sua sponte* stayed its order and certified it for interlocutory review. Because we conclude that 28 U.S.C. 1447(d) proscribes our jurisdiction to review a remand order based upon lack of removal jurisdiction entered in response to a timely motion, we dismiss this appeal.

## II. Background and Procedural History

This putative class action was filed in the Superior Court of Fulton County Georgia. Plaintiff seeks to recover on behalf of all persons who purchased AFC Enterprises, Inc. common stock in the secondary offering of December 2001. In connection with this secondary offering, AFC filed a Registration Statement and Prospectus with the Securities and Exchange Commission. Several months later, the company announced that it would restate its earnings for 2001 and the first three quarters of 2002. As a result of this announcement, the price of AFC stock plummeted.

2

In her state court complaint, the plaintiff alleges that the defendants violated the Securities Act of 1933, 15 U.S.C. § 77k (2004), by issuing a Registration Statement and Prospectus that was materially false and misleading. The plaintiff's action is a "covered class action"[1] involving a "covered security"[2] as defined by the Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. § 77p (2004) ("SLUSA"). The defendants removed the action to federal court, invoking the court's federal question jurisdiction under 28 U.S.C. § 1441(a) and jurisdiction under 15

---

[1]According to 15 U.S.C. § 77p(f)(2), the term "covered class action" means –

(i) any single lawsuit in which –
   (I) damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual persons or members; or
   (II) one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members;  or
(ii) any group of lawsuits filed in or pending in the same court and involving common questions of law or fact, in which–
   (I) damages are sought on behalf of more than 50 persons; and
   (II) the lawsuits are joined, consolidated, or otherwise proceed as a single action for any purpose

[2]According to 15 U.S.C. § 77p(f)(3), the term "covered security" means–

a security that satisfies the standards for a covered security specified in paragraph (1) or (2) of section 77r(b) of this title at the time during which it is alleged that the misrepresentation, omission, or manipulative or deceptive conduct occurred, except that such term shall not include any debt security that is exempt from registration under this subchapter pursuant to rules issued by the Commission under section 77d(2) of this title.

U.S.C. § 77p(c), the removal provision of SLUSA. The plaintiff filed a timely motion to remand, contending that SLUSA precludes the removal of a securities action asserting only federal claims.

The district court struggled with what it described as the "murky" language of SLUSA's removal provisions. The court concluded that the defendants right of removal is unclear under SLUSA and remanded the case. The court then certified its remand order for interlocutory appeal pursuant to 28 U.S.C. 1292(b).

### III. Issue on Appeal and Contentions of the Parties

We must first determine whether we have jurisdiction to review the district court's order. *See Russell Corp v. Am. Home Assurance Co.,* 264 F.3d 1040, 1043 (11th Cir. 2001) ("This court has a duty to independently examine our appellate jurisdiction and dismiss when our jurisdictional limits are exceeded."). While a district court's remand order constitutes a final judgment for the purpose of appellate jurisdiction, *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 116 S. Ct. 1712 (1996), we must determine whether 28 U.S.C. 1447(d) bars appellate review. *Russell Corp.,* 264 F.3d at 1043.[3]

---

[3]The district court's certification of this case pursuant to 28 U.S.C. 1292(b) does not change the fact that we must consider § 1447(d)'s jurisdictional bar. *See, e.g., Feidt v. Owens Corning Fiberglas Corp.,* 153 F.3d 124, 129-30 (3d Cir. 1998).

"Congress has placed broad restrictions on the power of federal appellate courts to review district court orders remanding removed cases to state courts." *Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 127, 116 S. Ct. 494, 496 (1995). Our jurisdiction is limited by § 1447(d), which states that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise. . . ."[4] Though § 1447(d) appears to broadly prohibit review of any remand order, the Supreme Court has held that § 1447(d)'s broad restriction on appellate review "'must be read *in pari materia* with § 1447(c), so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d).'" *Id.* (citing *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 345-346, 96 S. Ct. 584, 590 (1976)). Section 1447(c) states, in relevant part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Thus, reading 1447(c) and 1447(d) together, we are without jurisdiction to review a remand order if it is based on either lack of "subject matter jurisdiction" or a "defect other than lack of subject matter jurisdiction" entered in response to a timely motion

---

[4]The statute provides for one exception to this prohibition, not at issue here, for civil rights cases removed pursuant to 28 U.S.C. § 1443.

to remand.[5] These kinds of remand orders – and only these kinds – are contemplated by § 1447(c).

The plaintiff contends that the district court remanded this case to state court because the district court did not have subject matter jurisdiction within the meaning of § 1447(c) under SLUSA. Thus, plaintiff argues, we are barred from reviewing the remand order by § 1447(d). The plaintiff's argument is grounded on her assertion that SLUSA precludes removal of federal securities claims under the 1933 Act. Defendants counter by noting that the district court never explicitly mentioned subject matter jurisdiction in its remand order. Rather, the defendants argue, the district court's remand order is based upon the "substantive issue of the interpretation and construction of an ambiguous removal provision." (Appellant Reply Br. at 6). According to the defendants, because the remand order was not based on want of subject matter jurisdiction, § 1447(d) does not apply and we have jurisdiction.

---

[5]"The 'legal requisites' of removal are found in the removal statutes and include, *inter alia*, those enunciated in § 1446(a) (the filing requirements) and § 1446(b) (the timeliness requirement). The failure to comply with these express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand pursuant to § 1447(c)." *Snapper, Inc v. Redan,* 171 F.3d 1249, 1253 (11th Cir. 1999). In *Snapper,* the court traced the historical amendments to § 1447(c). As amended in 1988, § 1447(c) referred to a "defect in removal procedure." The current version, enacted by Congress in 1996, eliminated the "removal procedure" language, leaving merely the term "defect." 171 F.3d at 1258.

Our precedent instructs us to independently review the grounds upon which the district court based its decision to remand. *See First Union Nat'l Bank v. Hall,* 123 F.3d 1374, 1377 (11th Cir. 1997) ("In order to decide whether a remand order is reviewable, we look to the terms of the remand order itself. . . ."); *Ariail Drug Co. v. Recomm Int'l Display, Inc.,* 122 F.3d 930, 932 (11th Cir. 1997) ("[T]he district court's grounds for remand are of central importance to our jurisdiction. . . ."). Thus we turn to the district court's remand order.

The district court's remand order was based upon its consideration of the Securities Act of 1933 and two SLUSA provisions. The court noted that prior to the passage of SLUSA, the Securities Act prohibited the removal of actions asserting claims under the 1933 Act that were filed in state court. SLUSA amended the jurisdictional section of the Securities Act. That section now states:

> *Except as provided in section 77p(c)of this title*, no cases arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

15 U.S.C. § 77v(a) (amendment in italics). SLUSA's removal provision, 15 U.S.C. § 77p(c), to which § 77v(a) refers, provides:

> Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

This removal provision makes reference to subsection (b), SLUSA's preemption provision. The preemption provision, 15 U.S.C. § 77p(b), provides:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging - (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

According to the plaintiff, the plain language of these provisions precludes removal of securities actions based exclusively upon federal law. The district court, finding these provisions "murky" and poorly drafted, reviewed the legislative history to determine Congress's intent in enacting SLUSA. The court noted that the purpose of this legislation was to make the federal courts the exclusive venue for securities class actions. Given this intent, the court concluded that it made no sense to accept plaintiff's reading of SLUSA, which would prohibit the removal of securities cases based upon federal law.

Despite this analysis, the court granted the plaintiff's motion to remand the case. The court relied on dicta from one of our prior decisions,[6] as well as the

---

[6]In *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 292 F.3d 1334, 1342 (11th Cir. 2002), we stated that:

> in order to remove an action to federal court under SLUSA, the removing party must show that (1) the suit is a "covered class action," (2) the plaintiffs' claims are based on state law, (3) one or more "covered securities" has been purchased or sold, and (4) the defendant

8

principle that "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994).

Examining the terms of the court's order, we conclude that the district court granted the plaintiff's timely motion to remand because it determined that it was without removal jurisdiction to hear the case. We must therefore decide whether § 1447(d) proscribes appellate review of this remand order based on lack of removal jurisdiction.

## IV. Discussion

Our decision in *Ariail Drug Co., Inc. v. Rcomm Int'l Display*, 122 F.3d 930 (11th Cir. 1997) controls this case. In *Ariail Drug*, plaintiff filed a complaint in state court asserting claims for negligence and fraud as well as claims under the Securities Act of 1933, 15 U.S.C. §§ 77a-77aa (1997), and the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. §§ 1961-1968 (1997).[7] The defendants filed

---

misrepresented or omitted a material fact "in connection with the purchase or sale of such security." (emphasis omitted).

In *Riley*, the removed claims were state law claims. The *Riley* court did not consider whether claims based exclusively on federal law are removable under SLUSA. We agree with the district court's conclusion that this language from *Riley* is "technically dicta." *See also Herndon v. Equitable Variable Life Ins. Co.,* 325 F.3d 1252, 1253 (11th Cir. 2003) (quoting this statement of law from *Riley* in reviewing state law claims).

[7]We note that *Ariail Drug* dealt with the prior version of § 77v(a) of the Securities Act of 1933. *Ariail Drug*'s holding, however, considers the effect of § 1447(d) in precluding review of a

notices of removal, alleging diversity jurisdiction, federal question jurisdiction, and bankruptcy jurisdiction. The district court concluded that it lacked removal jurisdiction, and remanded the case to state court. First, the district court reasoned that it lacked removal jurisdiction because the action was not related to the defendant's bankruptcy. Second, the district court found that it lacked removal jurisdiction under 15 U.S.C. § 77v(a) of the Securities Act of 1933, which prohibited removal.

We recognized that § 1447(d)'s bar on review only included reasons for remand mentioned in § 1447(c). 122 F.3d at 933 (citing *Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 116 S. Ct. 494 (1999)). We held that "[w]hether we characterize the district court's removal-jurisdiction grounds as relating to subject matter jurisdiction (of which removal jurisdiction is a species) or to a procedural defect, § 1447(d) bars review of the remand of the assertedly bankruptcy-related and securities-law claims." *Id.* (internal citations omitted).

In the case at bar the district court's remand order was based upon a lack of removal jurisdiction; this case is indistinguishable from *Arial Drug.* We therefore hold that the district court's remand order based on lack of removal jurisdiction, entered in response to a timely motion to remand, is not reviewable under § 1447(d).

---

remand order based upon lack of removal jurisdiction.

Whether we characterize the district court's remand as relating to subject matter jurisdiction or a defect other than subject matter jurisdiction, the outcome is the same; § 1447(d) prohibits our review.

The cases upon which the defendants rely to support their contention that we have jurisdiction to review the remand order are distinguishable. In *Cogdell v. Wyeth*, 366 F.3d 1245, 1247 (11th Cir. 2004), the defendant, facing a suit in state court, filed a motion to dismiss the case prior to filing a motion to remove the case to federal court. The district court *sua sponte* remanded the case, concluding that by filing a motion to dismiss the case in state court the defendant waived his right to remove it to federal court. We held that § 1447(d) did not preclude review of the district court's remand order. First, we said that lack of removal jurisdiction is not the equivalent of lack of "subject matter jurisdiction" within the meaning of § 1447(c) if the action is one that could have been originally brought in federal court. Further, we said that a remand order entered *sua sponte* based upon waiver of the right to remove was not a remand order contemplated by § 1447(c), and thus §1447(d) did not proscribe review. This case is not like *Cogdell*. The case at bar is arguably distinguishable because here the district court concluded that a statute enacted by Congress explicitly bars removal. In this case, it can be argued that removal jurisdiction is a "species" of subject matter jurisdiction. *Ariail Drug*, 122 F.3d at 933. But if we were to conclude,

as *Cogdell* suggests, that the district court's order in this case was not based upon a lack of subject matter jurisdiction, we would readily conclude that this removal order is one based upon a "defect" within the meaning of 1447(c) and therefore one we cannot review.[8] As in *Ariail Drug*, we need only decide that a remand order based upon lack of removal jurisdiction, entered in response to a timely motion to remand, is based upon either a lack of "subject matter jurisdiction" or a "defect" and therefore is one contemplated by § 1447(c).

We are also unpersuaded by the defendants' reliance on *Russell Corp. v. American Home Assurance Co.,* 264 F.3d 1040 (11th Cir. 2001). In *Russell*, the plaintiff filed suit in state court against twenty-three insurers. Two of the insurers timely removed the case to federal court. The plaintiff argued that a service of suit clause invalidated one of the defendant's consent to removal. The district court, interpreting the clause, granted the plaintiff's motion to remand pursuant to § 1447(c) for want of unanimous consent to removal. On appeal, we recognized that the remand order was actually based on the district court's interpretation of the service of suit clause, a contractual provision "outside of the removal process." 264 F.3d at

---

[8]The Fifth Circuit has taken the position that a remand based on lack of removal jurisdiction should be treated as a remand due to a procedural defect for the purposes of 1447(c). "[W]hen section 1447(c) speaks of 'any defect in removal procedure,' it includes within its reach the bringing of an action not within the court's removal jurisdiction but that could have been brought originally in that court." *Hopkins v. Dolphin Titan Int'l Inc.,* 976 F.2d 924, 926 (5th Cir. 1992) (citing *Baris v. Sulpicio Lines, Inc.* 932 F.2d 1540, 1545 (5th Cir. 1991)).

12

1044. We determined that § 1447(d) should not preclude our review of a matter external to the removal process.

The case before us does not involve a matter external to the removal process. The district court was not interpreting a contractual provision. On the contrary, the district court was interpreting an Act of Congress and, in remanding the case, determined it was acting according to Congress's specific, jurisdictional directive. Our reasoning in *Russell* has no bearing on the case we decide today, as the district court's interpretation of SLUSA was central to, and not external to, the removal process.

The district court's interpretation of SLUSA, erroneous or not, is not reviewable under § 1447(d). *See New v. Sports & Recreation, Inc.,* 114 F.3d 1092, 1096 (11th Cir. 1997) ("Cases remanded for lack of jurisdiction are immune from review even if the district court's decision is clearly erroneous."); *see also Div. of Archives, History & Records Mgmt. v. Austin*, 729 F.2d 1292, 1293 (11th Cir. 1984) ("If the lower court acted on the basis of §1447(c), review is barred 'whether or not that order might be deemed erroneous by an appellate court.'").

## V. Conclusion

We hold that the district court's remand order based on a want of removal jurisdiction, entered in response to a timely motion to remand, is not reviewable under § 1447(d). We therefore dismiss this appeal for want of jurisdiction.

DISMISSED FOR WANT OF JURISDICTION.