[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11522
Non-Argument Calendar
_____

D.C. Docket No. 5:15-cv-00036-LGW-RSB

DORENE DISANTO,
a.k.a. Dorene E. Thomas,
KAREN LAWSON,
Honorable, Lake County Juvenile Court,
MARGARET CARTWRIGHT,
Support Officer, Child Support Enforcement,
STATE OF OHIO,
MIKE DEWINE,
Ohio Attorney General,

Plaintiffs-Appellees,

versus

THOMAS L. THOMAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(July 17, 2017)

Before TJOFLAT, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Thomas L. Thomas, proceeding *pro se*, appeals the district court's order granting the plaintiffs' motion to remand the action back to state court, following removal by Thomas alleged under various statutes, including 28 U.S.C. §§ 1442, 1443.  The underlying complaint, filed in an Ohio state court, sought to determine the existence or non-existence of a parent-child relationship between Thomas, who lived in Georgia, and a minor child (the "Child").  Thomas argues that the district court erred in denying his motion for default judgment against two alleged parties, motion for relief from judgment, and motion to hold in contempt or sanction the appellees' attorney.  Thomas reiterates his arguments from his prior pleadings and string cites various cases, recites his prior-asserted grounds for removal, claims that he proved the appellees violated § 1443, and asserts that the appellees, or possibly the Ohio state court, acted without subject matter jurisdiction in order to alienate the Child, who is Native American, from his tribe, and alienate Thomas, who is also Native American, in violation of "clearly established Federal Law," citing 25 U.S.C. §§ 1911–1922.

We must independently decide whether we have appellate jurisdiction, which we review *de novo*.  *Birmingham Fire Fighters Ass'n 117 v. City Of Birmingham*, 603 F.3d 1248, 1254 (11th Cir. 2010).  Generally, we lack

2

jurisdiction to review an order remanding a case to the state court from which it was removed, if the basis for the remand is a ground listed in 28 U.S.C. § 1447(c). 28 U.S.C. § 1447(d); *see New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1095–96 (11th Cir. 1997). Under 28 U.S.C. § 1447(d), review is barred for district court remands based on: (1) a lack of subject matter jurisdiction; or (2) a motion to remand, filed within 30 days of the notice of removal, alleging a defect in the removal procedure. *See* 28 U.S.C. § 1447(c); *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1319 (11th Cir. 2001).

However, orders remanding a case to the state court from which it was removed pursuant to the equal-civil-rights removal provision of § 1443 are appealable. 28 U.S.C. § 1447(d); *Alabama v. Conley*, 245 F.3d 1292, 1293 n.1 (11th Cir. 2001). For removal under § 1443, the petitioner must show that: (1) the right upon which he relies arises under a federal law that provides for specific civil rights stated in terms of racial equality, and (2) he has been denied or cannot enforce that right in state courts. *Conley*, 245 F.3d at 1295. Further, 28 U.S.C. § 1442(a)(1) provides an independent federal jurisdictional basis, allowing for removal of any civil action against a U.S. officer or agency. 28 U.S.C. § 1442(a)(1); *Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996). We will independently review the grounds on which the district court based

3

its decision to remand in order to determine appellate jurisdiction. *Williams v. AFC Enters., Inc.*, 389 F.3d 1185, 1188 (11th Cir. 2004).

We conclude that we lack jurisdiction to review the district court's remand order, as review is barred by § 1447(d). Moreover, Thomas has failed to argue for proper removal under either §§ 1442 or 1443. While the district court based its remand decision on lack of subject matter jurisdiction and its conclusion that removal was not proper under §§ 1442 or 1443, we permitted Thomas's appeal to proceed only as to proper removal under either §§ 1442 or 1443. *Williams*, 389 F.3d at 1188.

First, Thomas abandoned any argument that remand is proper under either §§ 1442 or 1443. Thomas fails to argue any issue under § 1442, where he makes no mention of the statute other than underlining it as one of his original grounds for removal. *Magnin*, 91 F.3d at 1427. While Thomas cites precedent relating to § 1443, he fails to provide any application or argument as to his case, and he fails to set out any argument as to whether 25 U.S.C. §§ 1911–1922 entitled him to a right under a federal law providing for specific civil rights regarding racial equality. *Conley*, 245 F.3d at 1295. Regardless of Thomas's *pro se* status, his citations to § 1443 fail to sufficiently argue whether we should review the district court's order of remand. *Conley*, 245 F.3d at 1295; *Campbell v. Air Jam. Ltd.*, 760

4

F.3d 1165, 1168–69 (11th Cir. 2014).  Accordingly, he abandoned any arguments under §§ 1442 or 1443.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Second, Thomas's remaining arguments are outside of the scope of this appeal.  Thus, we lack jurisdiction to review the district court's order to remand Thomas's case back to the state court, and his appeal is dismissed.  28 U.S.C. § 1447(c), (d); *Whole Health Chiropractic & Wellness*, 254 F.3d at 1319.

Thomas's appeal is DISMISSED for lack of jurisdiction.

SO ORDERED.